**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raymond JOHNSON,
Defendant-Appellant.**

No. 87–3271
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1987.

Edward Larvadain, Jr., Alexandria, La., for defendant-appellant.

Raymond Johnson, pro se.

John Volz, U.S. Atty., Curtis Collier, Lance Africk, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

In June, 1969, defendant Raymond Johnson, Jr., was charged in a two count indictment with aircraft piracy, 49 U.S.C. § 1472(i), and kidnapping, 18 U.S.C. § 1201, for the hijacking of National Airlines flight 186 to Havana, Cuba. After spending eighteen years in Cuba, Johnson returned to the United States to face the criminal charges against him. Pursuant to a plea agreement, Johnson pleaded guilty to kidnapping in return for the government's dropping of the aircraft piracy count. Johnson was sentenced to twenty-five years in prison, and now complains that the district judge abused his discretion by imposing an excessive sentence. Although we do not find the sentence itself to be excessive, we reverse and remand because the district judge abused his discretion in relying on information that did not have any evidentiary support.

## I

In November, 1968, Johnson was a twenty year-old black man who, he claims, had been recently suspended from Southern University for demonstrating following the assassination of Dr. Martin Luther King, Jr., and, in addition, was facing nine counts of arson that were purportedly fabricated against him. Citing the racial turmoil of the day and these personal problems, Johnson decided to hijack a plane to Havana, Cuba.

On November 4, 1968, Johnson boarded National Airlines flight 186 in New Orleans, Louisiana, which was scheduled to fly to Miami, Florida. About ten minutes after takeoff, Johnson went to the men's room where he changed into a black leather jacket, black shirt, black trousers, and a black beret. He alighted from the men's room with a .38 caliber revolver, and approached a stewardess demanding to be brought to the cockpit. Once in the cockpit he demanded to be flown to Havana, Cuba. During the hijacking Johnson instructed the stewardess to pass a bag around to all of the passengers to collect money, which he termed "contraband of war." Johnson did not leave the cockpit while the stewardess carried out his order; she collected approximately $405 from the passengers. At the sentencing hearing, the government attorney charged that during the hijacking Johnson hit the pilot, co-pilot, flight engineer and stewardess with the gun, allegedly causing several injuries. Johnson, however, denied ever hitting anyone with the gun, or otherwise causing any physical harm. The plane landed in Havana, Cuba, and Johnson was taken away by Cuban authorities. According to his brief, he remained in Cuba for eighteen years, the first four of which were spent in a Cuban prison.

## II

Johnson contends first that the sentence he received of twenty-five years in prison was excessive under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Although *Solem* authorizes appellate courts to review prison sentences under a proportionality analysis, it does not establish them as independent arbiters of "fair" sentences. *Id.* at 289, 103 S.Ct. at 3009. Under *Solem*, our analysis is limited to a determination whether Johnson's sentence is *unconstitutional*. We find it clear beyond all doubt that a sentence of twenty-five years for kidnapping, under the circumstances present in this case, is within constitutional limits.

Johnson also contends that the sentence he received amounted to an abuse of the district court's discretion. The first component of this claim amounts to a restatement of his *Solem* claim that the sentence imposed is too severe. The second component, which we find has merit, concerns the stated basis for the term imposed. As to the length of the term, John-

son claims that in light of the punishment he claims to have suffered in Cuba, and his alleged rehabilitation since the time of the offense, it amounted to an abuse of discretion. However, the maximum sentence for kidnapping is life, so the twenty-five years imposed is well within the statutory limit. Our task is not to pass on pleas for leniency, and we will not disturb a trial court's broad discretion in determining the appropriateness of a sentence "absent a finding of arbitrary or capricious action resulting in a gross abuse of discretion." *United States v. Adi,* 759 F.2d 404, 411 (5th Cir. 1985).

Although we find that the length of the sentence alone does not require reversal, we hold that the district judge abused his discretion by adopting the government attorney's version of certain substantial disputed facts when deciding on sentence length. In his summary of the facts at the sentencing hearing, the government attorney claimed that Johnson used the pistol he wielded to physically injure members of the airline's crew. The defendant, however, categorically denied this accusation. Although no evidence was introduced on this issue, the district judge cited these "assaults" when passing sentence.[1]

To be sure, "[a] federal district judge has wide discretion in the kind and source of information he considers in imposing sentence." *United States v. Garcia,* 693 F.2d 412, 416 (5th Cir.1982). Prior to sentencing, a judge may consider past crimes, including those for which the defendant has been indicted but not convicted, *United States v. Ochoa,* 659 F.2d 547, 549 (5th Cir.1981), *cert. denied,* 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982), as well as the factual basis of the dismissed counts. *United States v. Martinez,* 584 F.2d 749, 750 (5th Cir.1978). However, the reports upon which the district judge bases the sentence must be *reliable. See*

*Garcia,* 693 F.2d at 416. In this case the court relied exclusively on the government attorney's account of the crime, which included acts of violence that the defendant specifically denied committing. When a disputed factual question is a significant factor in the sentencing determination, the district court judge must have some acceptable evidential basis in order to resolve the matter against the defendant. Because the alleged violent acts were cited as an aggravating factor, and more than likely contributed to the sentence imposed, we remand so that this disputed factual question may be resolved.

REVERSED AND REMANDED FOR RESENTENCING.

---

1. It is clear from the transcript of the arraignment hearing that the lower court simply did not believe the defendant's version of the facts:

    I went over very carefully the factual basis [with the defendant], and although I haven't heard the testimony of the other witnesses, I imagine if they are brought in at the time of the hearing of sentencing they may come forward with a different story.

    No other witnesses testified prior to sentencing; nor did the government introduce affidavits or statements from other witnesses, or any other evidence, contradicting the defendant's story.