924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo ROSA, also known as RICK, Defendant-Appellant.
 No. 89-3152.
 United States Court of Appeals, Seventh Circuit.
 Argued June 1, 1990.
Decided Feb. 6, 1991.
 
 Before CUDAHY, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ricardo Rosa appeals his period of confinement under the Sentencing Guidelines, challenging the imposition of his sentence on the basis of an erroneous amount of cocaine attributed to the defendant. The district court found the defendant responsible for 395.8 grams of cocaine thus placing him at a base offense level of 22 rather than the 169 grams of cocaine for which the defendant admits responsibility, which would have placed him at a base offense level of 18. From our review of the record we are convinced that the court's finding the defendant responsible for 395.8 grams of cocaine was the result of a mistake, thus we remand for resentencing.
 
 
 2
 Rosa challenged the following information in paragraph 14 of the pre-sentence report:
 
 
 3
 "Investigating agents developed information and evidence about a cocaine distribution organization which operated from 1987 to November 1988. That organization included Ricardo Rosa supplying cocaine to Eugene Beavers who, in turn, was the source of supply for persons in the Peoria/Pekin [Illinois] area. Agents learned from a cooperating witness that in October 1987 Eugene Beavers sold two ounces of cocaine for $2,500 at Chenoa, Illinois. Approximately a month later Eugene Beavers sold five ounces cocaine for $6,000 at Chenoa."
 
 
 4
 At the sentencing hearing, the prosecuting attorney, the defense attorney and the court assumed that this information was verified at trial.
 
 
 5
 "THE COURT: ... Objection number two is a reference to page 8, paragraph 14. The objection is that the defendant denies the allegations contained in this paragraph. That paragraph outlines the Government's understanding of the criminal conspiracy here and certain events that occurred in connection with that conspiracy. Does either side have any evidence or argument on objection number two?
 
 
 6
 MR. MORELLI: [Attorney for the defendant] Judge, we have no evidence that we wish to introduce in that regard. However, I do want the record to be clear that Mr. Rosa denies that he was involved in any ongoing conspiracy with Gene Beavers, he denies that he was a part of any previous narcotics transactions that Mr. Beavers may have been involved in and he denies that he was an organizer. He denies that paragraph.
 
 
 7
 THE COURT: Do you have any evidence on this point?
 
 
 8
 MR. MURPHY: [Prosecuting attorney] I don't have further evidence to present. I want the Court to recall, please, that the testimony of Gene Beavers did deal with virtually all the aspects, I believe, that are contained here in the paragraph and I view this as the defendant's continuing denial of both the charges or the evidence, whichever, Judge, and I don't believe it requires additional evidence.
 
 
 9
 THE COURT: Is there anything contained in paragraph 14 that was not involved in Mr. Beavers' testimony?
 
 
 10
 MR. MORELLI: Judge, my response to that question would be that I don't recall. I honestly do not recall at this point. We must depend on your memory. But at the present time I don't recall whether that was in there or not, but we deny that it's true.
 
 
 11
 MR. MURPHY: I submit the combination of both Mr. Beavers' testimony and--I'm trying to remember which of the agents, but I believe Agent Pinkney that testified would cover all of that, Judge, I'm relatively certain.
 
 
 12
 THE COURT: Well, excuse me just a minute. The only question in my mind is this October '87 reference. The subject matter of the indictment were the events that happened in November. I don't recall--without looking at the transcript, I simply don't recall whether there was a reference to the events in October by either Mr. Beavers or the agent. Could you refresh my recollection?
 
 
 13
 MR. MURPHY: Yes, Judge, there was reference to that particular occurrence and I believe two others in the testimony of Mr. Beavers specifically. I believe he testified about a one ounce previous transaction, a two ounce transaction and a five ounce transaction, and I'm not recalling now whether it was--I believe the two ounce transaction is the one referred to here in the report.
 
 
 14
 THE COURT: Do you have any different memory, Mr. Morelli?
 
 
 15
 MR. MORELLI: Judge, I apologize to the Court, but I don't recall.
 
 
 16
 THE COURT: I will accept the government's representation about that. I am confident that the other matters were discussed during the testimony. As to objection number two then, I will adopt the Government's position and the probation officer's position."
 
 
 17
 The appellant also challenged paragraph 20 of the pre-sentence report which reads:
 
 
 18
 "Base Offense Level: The guideline for a 21 USC 846 and 841(a)(1) offense involving 300 to 399 grams of cocaine is found in the Drug Quantity Table at Section 2D1.1(3) of the Guidelines. Because the offenses of conviction and the defendant's relevant conduct involved 395.8 grams of cocaine, the base offense level is 22. This figure was derived from a statement co-defendant Eugene Beavers made indicating that the defendant was his supplier and that in 1987, he (Beavers) distributed one ounce, five ounces, and two ounces on three separate occasions, and at the time of arrest on November 21, 1988, he had 169 grams of cocaine in his possession (1 oz. + 5 oz. + 2 oz. = 8 oz. = 226.8 grams + 169 grams = 395.8 grams)."
 
 
 19
 Rosa testified at the sentencing hearing that this information was false. The court stated:
 
 
 20
 "Objection number five is a reference to page 9, paragraph 20. The defendant objects to the amounts of cocaine used to determine the base offense level based on statements made by Eugene Beavers which he contends are not truthful.
 
 
 21
 I think actually that I probably--or that you have already covered this ground based on the earlier objections. If either side wishes to make and present any additional evidence or argument, I would be happy to consider it, but I think we have probably already covered this ground. Does either side have anything else?
 
 
 22
 MR. MORELLI: For purposes of the record, I believe we have already covered that ground.
 
 
 23
 MR. MURPHY: I believe we have also, Judge.
 
 
 24
 THE COURT: All right. I believe the Government has met their burden on this point. I think the amounts of cocaine that were discussed during the previous sworn testimony of Beavers, I think that that is believable and I do think those references to amounts are an accurate statement of what happened so I therefore adopt the probation office and Government's position on that objection."
 
 
 25
 Both the government and the appellant admit that the representations from the government regarding the content of Beavers' testimony was erroneous, and that there was no evidence in the record that Beavers had sold the quantities of cocaine set forth in the pre-sentence report. Thus, the record is barren of support for the district court's finding that the defendant was responsible for the additional 226.8 grams of cocaine attributed to him that raised his base offense level from 18 to 22.
 
 
 26
 "The reports upon which the district judge bases the sentence must be reliable.... In this case the court relied exclusively on the government attorney's account of the crime, which included acts of violence that the defendant specifically denied committing. When a disputed factual question is a significant factor in the sentencing determination, the district court judge must have some acceptable evidential basis in order to resolve the matter against the defendant."
 
 
 27
 United States v. Johnson, 823 F.2d 840, 842 (5th Cir.1987) (emphasis original). The district judge mistakenly thought that he was relying on evidence received during the trial. Rather, as it turns out, he was merely relying on representations from the prosecuting attorney. Since there was no evidentiary basis for the district court's finding that Rosa was responsible for the additional 226.8 grams of cocaine, we remand for resentencing. Obviously, as humans we err, and that is why we have the right of appeal, to correct human errors.
 
 
 28
 The government argues that the pre-sentence report was based upon reliable hearsay, and thus the district judge legitimately relied upon it. We disagree. We refuse to decide whether the information in the pre-sentence report was reliable because the record reflects that the district judge did not rely upon it. It is clear from the court's own statement that he relied upon the "previous sworn testimony of Beavers," which failed to support the court's finding. The government may attempt to establish the validity of the additional 226.8 grams at resentencing and at this time the district judge will have the opportunity to determine whether he finds the report reliable.
 
 
 29
 The appellant asks us to redetermine his sentence on the basis of a base offense level of 18.[1] On the record before us, we are unable to determine the proper base offense level. That is the duty of the trial court, and we are making no recommendation as to the proper base offense level or sentence. The sentence imposed by the district court is vacated and the action is remanded for resentencing.
 
 
 30
 VACATED AND REMANDED.
 
 
 
 [1]
 Rosa also argues that the 226.8 grams of cocaine were not part of the same course of conduct or part of a common scheme for which he was convicted. Since we are remanding for resentencing, that argument is moot and we will not address it