70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cleon BROWN, Defendant-Appellant.
 No. 94-4311.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1995.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges
 PER CURIAM.
 
 
 1
 Defendant Cleon Brown appeals his sentence, rendered after conviction at a jury trial. The district court sentenced Brown to thirty-seven months on each of seven counts, to be served concurrently. For the following reasons, we affirm.
 
 
 2
 * Brown is nineteen--too young to buy guns in Ohio. In November 1993, he asked Ms. Demetrius Flint if she would buy guns for him. Flint refused. He then asked to be introduced to her roommate, Wonn-Michele Reed. Brown asked Reed how old she was and, after learning she was twenty-three, asked if she would buy guns for him. Brown told Reed that she would not get in trouble because he would scratch off the serial numbers. He also offered her fifty dollars. Flint testified as to this initial conversation at trial.
 
 
 3
 Reed purchased guns from a gun shop in Obetz, Ohio on six separate occasions. Brown accompanied her on each shopping trip. Brown pointed out specific weapons for Reed to purchase, and carried the guns out of the store afterwards. On at least one occasion, Reed handed the change back to Brown. Testimony as to these facts was offered at trial by an employee of the gun store.
 
 
 4
 After the fifth transaction, the employee at the gun shop became suspicious and listed the plate number of Reed's car on forms provided him by the Bureau of Alcohol Tobacco and Firearms ("ATF"). The ATF investigated, and Reed decided to cooperate with the government. She told the ATF when the next transaction was scheduled, and agreed to wear a recording device. On February 9, 1994, she purchased eight guns at Brown's request. Brown gave her fifty dollars. The ATF promptly arrested Brown. He was tried and found guilty of one count of conspiracy to make a false statement in the acquisition of firearms, 18 U.S.C. Sec. 371, and six counts of making a false statement in the acquisition of firearms, 18 U.S.C. Sec. 924(a)(1)(A). The district court, applying the sentencing guidelines, sentenced him to thirty-seven months on each count, to be served concurrently.
 
 
 5
 Brown raises two issues on appeal. First, he contends that the trial court erred when it held that thirty guns were the relevant conduct for the purpose of an upward adjustment under USSG Sec. 2K2.1. Second, Brown claims that the trial court erred when it held that Brown was a supervisor for the purpose of an upward adjustment under USSG Sec. 3B1.1(c).
 
 II
 
 6
 USSG Sec. 2K2.1(b)(1) instructs a court to add five levels if a gun offense involves twenty-five to forty-nine firearms, but only four levels if it involves thirteen to twenty-four. The district court held that Brown's offenses involved thirty guns. Brown first claims that the court should not have included two guns purchased at a second gun shop. He argues that there was no evidence concerning this purchase, the prosecution of which the United States Attorney dropped. See United States v. Lloyd, 10 F.3d 1197, 1221 (6th Cir.1993) (related behavior for which the defendant has not been found guilty may be included on a preponderance of the evidence standard). This court does not need to address the issue. Under Sec. 2K2.1(b)(1), Brown's sentence is the same whether his offense concerns twenty-eight or thirty weapons.
 
 
 7
 Next, Brown claims that the court erred when it included the eight weapons purchased in the last transaction on February 9, 1994. If the relevant conduct is twenty-two rather than thirty weapons, this fact would lower each of his sentences one level. Brown was not sentenced for actually purchasing the weapons. He was punished for causing the weapons to be purchased by another. Brown claims that he cannot be punished for causing the purchase if the purchase itself was technically not a crime. He argues that Reed's act was not illegal: she cooperated with the police, and could not have made "false" statements to the gun shop clerk because the clerk knew that the transaction was a sting. Accordingly, his acts that caused her purchase should not be illegal either.
 
 But 18 U.S.C. Sec. 2(b) disagrees:
 
 8
 Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
 
 
 9
 Courts have interpreted this text to mean that a principal can be held liable for the act of an innocent agent, as long as the act would be illegal if the principal did it himself. United States v. Lester, 363 F.2d 68, 73 (6th Cir.1966), cert. denied, 385 U.S. 1002 (1967). It can be argued that "act" includes the circumstances and mens rea as well, so that if the principal stepped completely into the agent's shoes, he would be "innocent" as well. But the rule remains. See United States v. Norton, 700 F.2d 1072, 1076-1077 (6th Cir.), cert. denied, 461 U.S. 910, 103 S.Ct. 1885 (1983) (members of a conspiracy are guilty of transporting explosives across state lines even though an undercover federal agent carried the actual explosives). The situation is not one of punishing Brown because of his thoughts, as Brown argues in his brief. The law punishes Brown for specific acts causing behavior clearly proscribed by law--and merely ignores the fact that the instrumentality of Brown's crime happens, temporarily, to work for the government.
 
 III
 
 10
 Brown's second claim of error on appeal concerns the court's holding that he is a supervisor under USSG Sec. 3B1.1(c). Section 3B1.1(c) instructs a court to increase the sentence of one who supervises criminal activity by two levels. Brown does not challenge the application of the guidelines to the facts found by the court and the probation officer. Brown challenges the reliability of the facts, and the ease with which the trial court believed them. The trial court's determination of facts relevant to sentencing is reviewable only for clear error. United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993); United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 906 (1990). Specifically, 18 U.S.C. Sec. 3742(e) instructs an appellate court to "give due regard to the opportunity of the district court to judge the credibility of the witnesses." The district court heard testimony from Flint and the gun shop employee that clearly indicates Brown's recruitment of Reed and direction of their enterprise. Brown is correct to assert that unsworn allegations from the prosecution are an improper basis for an aggravating role increase under Sec. 3B1.1. See, e.g., United States v. Patterson, 823 F.2d 840 (5th Cir.1987). But the cited rule is not relevant when the Sec. 3B1.1 determination rests on clear, sworn, and uncontroverted witness testimony.
 
 
 11
 The judgment and sentence of the district court is AFFIRMED.