# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 19-10765
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEOPHREY RAUL MURRIETA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-75-2

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Jeophrey Raul Murrieta was convicted by a jury of assaulting a federal officer, resulting in bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b). He was sentenced to, *inter alia*, 151-months' imprisonment.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10765

Murrieta challenges the application of a serious-bodily-injury enhancement under Sentencing Guideline § 2A2.2(b)(3)(B). He asserts the presentence investigation report (PSR) improperly relied solely on the victim's own analysis of the injury to his liver in determining that the injury was a "serious bodily injury", as required for application of the enhancement. As he did in district court in his sole opposition to this aspect of the PSR (without providing rebuttal evidence at sentencing), Murrieta contends that, because a conclusion as to the extent of an injury must be made by a medical expert, the district court erred in accepting the facts in the PSR regarding the extent of the injury without medical testimony or additional record evidence to corroborate the victim's assertion that his liver function was impaired.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guideline § 2A2.2(b)(3)(B) requires a five-level increase to a base offense level if the victim of the offense sustained serious bodily injury. "Serious bodily injury" is defined as an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation". U.S.S.G. § 1B1.1 cmt. 1(M).

No. 19-10765

As an initial matter, Murietta has not cited authority establishing that evidence from a medical expert is required to support a determination that a victim suffered a serious bodily injury. The case relied on by Murietta, *United States v. Johnson*, 823 F.2d 840 (5th Cir. 1987), is inapposite.

"Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). Our court has held the "sufficient indicia of reliability" requirement mandates only that "the facts used by the district court for sentencing purposes be reasonably reliable—a standard not intended to be onerous". *United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016) (internal quotation marks and citation omitted).

According to the victim's account, which is related in the PSR, he missed work for 45 days due to the liver damage, a portion of his liver had shut down, and he remains under a doctor's care, as his liver has not healed completely from the deep tissue bruise. In short, the PSR provided sufficiently reliable facts to support application of the serious-bodily-injury enhancement. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Because the facts provided in the PSR were sufficiently reliable, Murrieta, for contesting those facts, was required to "present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable"; he failed to do so. *See Harris*, 702 F.3d at 230.

AFFIRMED.