**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto Hernando NARVAEZ, Defendant–Appellant.**

No. 93–2527.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1994.

---

Jose Gonzalez–Falla, Roland E. Dahlin, II, Federal Public Defender, Houston, TX, for appellant.

Alberto Hernando Narvaez, pro se.

James L. Powers, Paula C. Offenhauser, Asst. U.S. Attys., Lawrence D. Finder, U.S. Atty., Houston, TX, for appellee.

Before POLITZ, Chief Judge, SMITH, Circuit Judge, and HAIK[1], District Judge.

HAIK, District Judge:

Defendant, Alberto Hernando Narvaez (Narvaez), appeals the district court's: (1) refusal to allow Narvaez to present all of his witnesses at the sentencing hearing; (2) im-

1. District Judge of the Western District of Louisiana, sitting by designation.

position of a four-level increase in the base offense level for role in the offense; and (3) imposition of a two-level enhancement for obstruction of justice. For the reasons discussed below, we affirm.

## I. BACKGROUND

Narvaez was introduced to a confidential informant and told the informant that he (Narvaez) had a supplier who had 1,000 kilos of cocaine. Later, Narvaez directed the informant to perform a series of cocaine delivery-related activities. Under the direction of Narvaez, the informant made a delivery under surveillance, and agents followed the deliveree's Ford to an apartment. Codefendant Luis Obregon, a Colombian, arrived with an "unknown black male"; the latter retrieved the cocaine from the Ford and placed it in Obregon's vehicle. Obregon was later arrested, and a search of his vehicle produced cocaine.

Narvaez then directed the informant to deliver the remaining cocaine to codefendants Ramirez and Colon. An undercover agent delivered the cocaine to Ramirez, Colon, and codefendant Martin Mejia Molina. The three codefendants were arrested when the cocaine was put into their vehicle. Ramirez told authorities that Narvaez, as before, had directed him to pick up the cocaine from the informant.

Narvaez later contacted the informant and directed her to obtain a copy of the police report concerning the aforementioned arrest. Narvaez was arrested when he appeared to pick up the arrest report. The probation officer concluded and the district judge agreed that, based upon the information provided by the informant, Narvaez was the leader or organizer of this criminal activity. This led the district court to assess a four-level enhancement to Narvaez's base offense level.

At the detention hearing F.B.I. agent Lemoine testified that two independent and reliable sources provided information that Narvaez had issued a contract for the death of the confidential informant. This testimony was corroborated by the informant who personally learned of this fact from an acquaintance. As both the government and the informant were made aware of the existence of this threat to the informant's life, the informant and her family were relocated by the government. Based upon this threat and corroborating testimony, the district court assessed a two-level enhancement to his sentence for obstruction of justice.

Before sentencing, Narvaez filed several *Ex Parte* Applications for Writ of *Habeas Corpus Ad Testificandum*, requesting that Colon, Molina, Ramirez, and Obregon be allowed to testify at the sentencing hearing. With regard to all defendants except Obregon, who was being sentenced at the same time as Narvaez, the district court denied the motions, ruling, *inter alia*, that "[f]actual assertions by the probation officer which are contravened by Narvaez are based on the investigative reports, matters brought out at the detention hearing, and the facts admitted as true at the time the defendants pleaded guilty." The district court noted that Colon was found to be incompetent to stand trial and was being deported, and that Molina and Ramirez had already been sentenced and were in transit to their respective places of incarceration.

At sentencing, the district court permitted Narvaez to introduce testimony of agent Lemoine who could not recall whether anyone, including Obregon, stated that Narvaez was a manager or supervisor, but noted that Molina had told another officer that it was Narvaez who had instructed Ramirez and Molina to pick up the cocaine. Obregon was then allowed to testify, stating that, before his arrest, he had never seen nor spoken to Narvaez and that Narvaez had not supervised him or given him any instructions.

Narvaez pled guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. It was determined that Narvaez had a base offense level of 34 combined with a four-level enhancement for his role in the offense, a two-level enhancement for obstruction of justice and a three-level reduction for acceptance of responsibility. Accordingly, the district court calculated the offense level at 37, and sentenced Narvaez to 210 months in a guideline range of 210 to 262

months followed by a 60 month term of supervised release. Narvaez filed a timely notice of appeal.

## II. STANDARD OF REVIEW

The appropriate standards of review are as follows: (1) abuse of discretion by the district court for not allowing Narvaez to call the codefendant witnesses; (2) clearly erroneous for the district court's finding that Narvaez was an organizer in the offense; and (3) clearly erroneous for the district court's finding that Narvaez obstructed justice.

## III. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ALLOW NARVAEZ TO PRESENT ALL OF HIS WITNESSES AT THE SENTENCING HEARING

Narvaez argues that the district court violated Federal Rule of Criminal Procedure 32(c) and § 6A1.3 [2] of the Sentencing Guidelines by not allowing the testimony of several codefendants at the sentencing hearing. As this decision falls squarely within the discretion of the district court, Narvaez must prove the district court abused its discretion in order to overturn the ruling. See Fed. R.Crim.P. 32(c)

■■■ This Circuit has held that a presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making the factual determinations required by the sentencing guidelines. *United States v. Alfaro,* 919 F.2d 962, 966 (5th Cir.1990), see e.g. *U.S. v. Murillo,* 902 F.2d 1169, 1173 (5th Cir.1990). The district court indicated that the requested testimony of the codefendants would not sufficiently rebut: (1) the facts within the presentence report, (2) testimony which was allowed at trial, and (3) Narvaez's own admissions, which comprehensively support the finding that Narvaez was an organizer of the criminal activity. This court affords the district court a certain degree of discretion in implementation of Rule 32(c) and § 6A1.3(b) and has indicated that, on a case-by-case basis, "[t]he sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." *United States v. Rodriguez,* 897 F.2d 1324, 1327 (5th Cir.) (citation and internal quotation omitted), *cert. denied,* 498 U.S. 857, 111 S.Ct. 158, 112 L.Ed.2d 124 (1990); *see* § U.S.S.G. 6A1.3, comment. (backg'd), citing *United States v. Burch,* 873 F.2d 765, 767–68 (5th Cir.1989). This court finds that in light of the relevant facts before the district court, the court did not abuse its discretion when it denied Narvaez the opportunity to present the requested testimony.

From the record provided, this court finds the district court had ample knowledge and understanding to disallow the requested testimony. Thus, this court holds the district court did not abuse its discretion in disallowing the testimony requested by Narvaez. We affirm.

## IV. WHETHER THE DISTRICT COURT'S FINDING THAT NARVAEZ WAS AN ORGANIZER IN THE OFFENSE WAS CLEARLY ERRONEOUS

■■■ If the defendant was an organizer or leader of a criminal activity that involved

---

2. Fed.R.Crim.P. 32(c)(3)(A) provides in relevant part: The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

Fed.R.Crim.P. 32(c)(3)(D) provides in relevant part: If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

U.S.S.G. § 6A1.3 provides in relevant part:
*Resolution of Disputed Factors* (Policy Statement)
(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor ...
(b) The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed. R.Crim.P., notify the parties of its tentative findings, and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence.

five or more participants or was otherwise extensive, a four-level enhancement is appropriate. U.S.S.G. § 3B1.1(a). The district court's decision to increase defendant's offense level by four (pursuant to Guidelines § 3B1.1) for defendant's aggravating role in the transaction is a finding of fact that this court will review only for clear error. *United States v. Rodriguez,* 897 F.2d 1324 (5th Cir.1990); see *U.S. v. Davis,* 868 F.2d 1390, 1391 (5th Cir.1989). Factors the court should consider include:

   ... [t]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 comment. (n. 4). There must be an acceptable evidential basis for the court's factfindings at the sentencing hearing. *United States v. Rodriguez,* 897 F.2d 1324, 1326 (5th Cir.1990); citing *United States v. Johnson,* 823 F.2d 840, 842 (5th Cir.1987). At that sentencing hearing, the government bears the burden of establishing that the defendant is an organizer. See *United States v. Barbontin,* 907 F.2d 1494, 1497 (5th Cir.1990). In order to obtain the four-level enhancement, the government must prove the requisite number of participants (including the defendant) in the offense of conviction. *United States v. Barbontin,* 907 F.2d 1494, 1497 (5th Cir.1990). However, the participants need not be named in the indictment. *United States v. Manthei,* 913 F.2d 1130 (5th Cir.1990). This court will affirm sentences imposed by district judges who make factual findings that are not clearly erroneous, and who apply the guidelines to those findings. *United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.1989). The district court's findings are not clearly erroneous if they are plausible in light of the record reviewed in its entirety. *United States v. Whitlow,* 979 F.2d 1008, 1011 (5th Cir.1992); citing *United States v. Fields,* 906 F.2d 139, 142 (5th Cir.), *cert. denied,* 498 U.S. 874, 111 S.Ct. 200, 112 L.Ed.2d 162 (1990).

■■■ The district court found Narvaez to be involved with the requisite number of five individuals to merit the four-level enhancement as an organizer. Narvaez contends this to be erroneous based on the district court's inclusion in the numerical assessment of the informant and Mr. Colon. However, the district court may consider unidentified participants when there is proof that they were involved in the precise transaction underlying the conviction. *United States v. Barbontin,* 907 F.2d 1494, 1497 (5th Cir. 1990). Narvaez also contends the district court judge characterized Narvaez as a manager, thus entitling him to a three-level enhancement according to U.S.S.G. § 3B1.1(b).

■■■ The district judge determined Narvaez, Ramirez, Obregon, an "unknown black male", and Molina individually and cumulatively participated in the transaction before the court. This court finds that there is ample evidence to support the district judge in his numerical assessment of the participants. This court finds further that based upon the totality of the evidence taken from the detention hearing, the presentence report and the sentencing hearing, the district judge did not intend to characterize Narvaez as a manager for the purposes of sentencing. Rather, the district judge utilized this title as nomenclature to better describe the overall activities of Narvaez. This court finds that the district judge did indeed intend to characterize Narvaez as an organizer and the imposed sentence reflected this intent. We affirm.

V. WHETHER THE DISTRICT COURT'S FINDING THAT NARVAEZ OBSTRUCTED THE ADMINISTRATION OF JUSTICE WAS CLEARLY ERRONEOUS

■■■ The United States Sentencing Guidelines mandate a two-level enhancement from a base level where the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense. U.S.S.G. § 3C1.1. Such conduct may include threatening, intimidating, or otherwise unlawfully influencing a witness, directly or in-

directly, or attempting to do so. U.S.S.G. § 3C1.1, comment. (n. 3(a)). Under this section, the defendant is accountable for his own conduct and for conduct that he aided, or abetted, counseled, commanded, induced, procured, or willfully caused. U.S.S.G. § 3C1.1, comment. (n. 7). The district court relied upon the evidence presented at the detention hearing in determining that Narvaez had violated this provision by placing a contract on the life of the informant. It is appellant's responsibility to order parts of the record which he contends contain error and his failure to do so prevents us from reviewing this assignment of error. *Brookins v. United States,* 397 F.2d 261, 261 (5th Cir.); *cert. denied,* 393 U.S. 952, 89 S.Ct. 377, 21 L.Ed.2d 364 (1968). As the district court relied upon such evidence and as Narvaez failed to order that portion of the record, this court is precluded from reviewing his allegation. *United States v. Hinojosa,* 958 F.2d 624, 632 (5th Cir.1992).

However, in order to fully adjudicate the issue, this court entertained Narvaez's contention that the witness be aware of the threat or have some likelihood of learning of the threat. *United States v. Brooks,* 957 F.2d 1138, 1149–50 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3051, 120 L.Ed.2d 917 (1992). The district court found that both the government and the informant were made aware of the existence of this threat to the informant's life. This awareness warranted the government's relocation of the informant and her family. The facts of this case satisfy the *Brooks* requirement.

The district court's findings of fact concerning an obstruction increase are reviewed under a clearly erroneous standard. *United States v. Franco–Torres,* 869 F.2d 797, 800 (5th Cir.1989). This court finds that the district court's ruling, under these facts, is not clearly erroneous. We affirm.

## VI. CONCLUSION

We AFFIRM the sentencing decision of the district court.