IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50836
Summary Calendar
_____

SYNNACHIA McQUEEN,

                                        Plaintiff-Appellant,

versus

CLARENCE BAKER, CO III Officer;
RICHARD HARVEY, CO III Officer,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 93-CV-359
- - - - - - - - - -
May 20, 1996

Before HIGGINBOTHAM, DUHE' and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Synnachia McQueen's motion for leave to proceed *in forma*

*pauperis* (IFP) on appeal and for preparation of a transcript at

government expense is DENIED.

        McQueen has not shown that the magistrate judge abused his

discretion by denying his motion to amend his complaint. *See*

*Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993); *Union City*

_____

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

*Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 135 (5th Cir. 1987). The record does not contain a copy of McQueen's proposed supplemental complaint; it is McQueen's duty to provide us with those portions of the record he contends contain error. *United States v. Narvaez*, 38 F.3d 162, 167 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1803 (1995). We therefore do not consider McQueen's contentions that the magistrate judge erred by denying him leave to file his supplemental complaint and by sanctioning him $50 for attempting to file the supplemental complaint.

McQueen has not indicated how the information he wished to obtain through discovery would have assisted him or how he was harmed because he did not obtain the information. He has not demonstrated that the district court abused its discretion by denying his discovery requests. *See Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989); *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

McQueen has not provided us with the records or transcripts of the other cases in which he alleges the district court and magistrate judge have excluded minorities from jury service. We do not consider his allegations regarding those other cases. *See Narvaez*, 38 F.3d at 167. McQueen thus is left with the jury selection in his own trial, on which he cannot rely to prove underrepresentation or systematic exclusion of jurors. *Timmel v. Phillips*, 799 F.2d 1083, 1086 (5th Cir. 1986).

McQueen does not indicate how any previous acts of retaliation might reflect on the defense witnesses' character for truthfulness or untruthfulness. FED. R. EVID. 608(b). Nor does he indicate how his filing of grievances or complaints alone would have motivated a particular defense witness to retaliate against him by testifying at McQueen's federal trial. Nor does he indicate that he would have used evidence of previous retaliation for a purpose permitted by FED. R. EVID. 404(b). McQueen has not shown that the district court abused its discretion by granting the defendants' motion in limine. *United States v. Triplett*, 922 F.2d 1174, 1180 (5th Cir.), *cert. denied*, 500 U.S. 945 (1991).

McQueen does not contend that the district court failed to determine that the probative value of his witnesses' felony convictions outweighed their prejudicial effect. Indeed, he does not contend that the admission of the convictions was error; he challenges only the district court's instruction to the jury that felony convictions are relevant for determining the credibility of witnesses. Because McQueen does not challenge the admission of the evidence or provide any argument that we so construe, his jury-instruction contention fails.

Because the jury found that the defendants did not retaliate against McQueen for exercising his First Amendment rights, the jury did not need to reach the issue of the defendants' qualified immunity. *See Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir.

1993). McQueen's contention that the district court erred by instructing the jury on qualified immunity is unavailing.

Finally, we remind McQueen that he has been barred indefinitely by this court from filing any *pro se*, *in forma pauperis* civil appeal in this court, or any *pro se, in forma pauperis* initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court, and that the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to McQueen, unfiled, any attempted submission inconsistent with this bar. We considered the current appeal only because it was submitted to this court before we sanctioned McQueen. To avoid additional sanctions, however, McQueen should review any pending appeals and withdraw any frivolous appeals immediately.

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.