United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40253
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILBERT R SEJUELAS, also known as Jaime

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-193-RC-WCR-1
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wilbert R. Sejuelas appeals the 166-month sentence imposed

for his conviction on a guilty plea to a charge of conspiracy to

possess with intent to distribute five kilograms or more of

cocaine and fifty kilograms of cocaine base.  Sejuelas asserts

that the district court clearly erred when it found that he held

the role of a manager or supervisor in the offense and that the

conspiracy involved at least five participants.  He argues, <u>inter</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alia, that Devison Rinsco Torres ("Torres") was not a participant in the conspiracy.

Section 3B1.1(b), U.S.S.G., authorizes a three-level increase to the base offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." We review for clear error a district court's findings under U.S.S.G. § 3B1.1 that a defendant qualifies for an adjustment based on his role in the offense and that the offense involved five participants. See United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001); United States v. Narvaez, 38 F.3d 162, 166 (5th Cir. 1994). A finding is not clearly erroneous if it is "'plausible in light of the record as a whole.'" Miranda, 248 F.3d at 446 (citation omitted).

The presentence report ("PSR") provided that Sejuelas recruited a co-conspirator; directed a co-conspirator to transport drugs on three occasions; on two occasions, took control of the drugs and the transporting vehicle when the vehicle reached its destination; arranged for assistance, alternate transportation, and transference of the cocaine when a vehicle became impaired; and negotiated the fee to be paid for transportation of the drugs. Further, Sejuelas exercised dominion and control over a significant quantity of cocaine. In addition, the PSR provided that Torres assisted with the

transportation of the drugs and transferred the spare tire that contained the drugs from one vehicle to another.

The district court was free to rely on the information in the PSR because Sejuelas did not present evidence to rebut the PSR. See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). The PSR demonstrated that Sejuelas exercised decision-making power, participated extensively in the crime, recruited at least one person for the conspiracy; and exercised control and authority over others who participated in the drug conspiracy. The PSR provided information from which the district court could infer that Torres was a participant in the conspiracy. See United States v. Lage, 183 F.3d 374, 383-84 (5th Cir. 1999); United States v. Narvaez, 38 F.3d 162, 166 (5th Cir. 1994). The fact that Torres was not indicted does not negate his criminal responsibility. See Lage, 183 F.3d at 383-84.

The district court's findings that Sejuelas's role in the offense warranted an increase of three levels under U.S.S.G. § 3B1.1 are plausible in light of the record as a whole and are not clearly erroneous. Miranda, 248 F.3d at 446; Narvaez, 38 F.3d at 166. Accordingly, the judgment of the district court is AFFIRMED.