United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11460
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL L. MAJOR; CHRISTOPHER L. RHODES; SHANGO H. ALVES,

Defendants-Appellants.

---------------------
Appeals from the United States District Court
for the Northern District of Texas
(4:04-CR-70-4)
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel L. Major appeals his jury conviction and sentence for conspiracy to use and carry a firearm during a crime of violence. Defendant-Appellants Christopher L. Rhodes and Shango H. Alves appeal their jury convictions and sentences for conspiracy to use and carry a firearm during a crime of violence, theft of firearms from a federally licensed firearms dealer, and using and carrying a firearm during a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rhodes contends that the district court abused its discretion in admitting the testimony of Virgil VanHuss, Jr., the manager of the 183 Pawn Shop, and Special Agent Melanie Finney of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, that the 183 Pawn Shop was a federally licensed firearms dealer on the date of the robbery. Rhodes argues that the witnesses lacked personal knowledge of this fact. VanHuss testified that he had been the manager of the pawn shop for 20 years, had personally seen the pawn shop's federal firearms license, and had been told that the pawn shop had a federal firearms license. Agent Finney testified that a search of the ATF regulatory branch records confirmed that this pawn shop was a federally licensed firearms dealer on the date of the robbery. Rhodes has not shown that the district court abused its discretion in admitting this testimony. See United States v. Cantu, 167 F.3d 198, 203-04 (5th Cir. 1999).

Rhodes and Major contend that the evidence was insufficient to support the jury's finding that the pawn shop was a federally licensed firearms dealer on the date of the robbery. This fact was not an element of the conspiracy offense of which Major was convicted, so the jury was not required to find this fact to convict Major of the conspiracy offense. Rhodes made a motion for a judgment of acquittal at the close of the government's case, but did not renew the motion at the close of all of the evidence. Therefore, our review is limited to determining whether there was "a manifest miscarriage of justice." United States v. Green, 293

2

F.3d 886, 895 (5th Cir. 2002). A review of the testimony of VanHuss and Agent Finney confirms that the record is not devoid of evidence that the pawn shop was a federally licensed firearms dealer on the date of the robbery or that the evidence was "so tenuous that a conviction is shocking." See United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).

Major asserts that the evidence was insufficient to support his conviction for conspiracy to use and carry a firearm during a crime of violence. He made a motion for a judgment of acquittal at the close of the government's case, but did not renew the motion at the close of all of the evidence. Our review is thus limited to determining whether there was "a manifest miscarriage of justice." See Green, 293 F.3d at 895. The government presented evidence that Major was present at Terrell Clark's apartment along with Clark, Alves, Rhodes, Timothy Davis, and Crystal Pruitt, when Clark, Rhodes, and Alves were planning the robbery. Clark asked Major whether they could use his car. Clark and Davis testified that Major (1) agreed to allow the robbers to use his car, (2) gave the keys to the car to either Clark or Rhodes, and (3) told them not to damage his car. Alves stole a license plate to put on Major's car during the robbery. Rhodes told Major he could have first choice of any gun or "whatever he bring[s]." Major was present at the apartment when Clark, Rhodes, and Alves returned after the robbery. Clark returned Major's car keys and told him there was nothing wrong with the car. Major chose a .45 caliber chrome pistol from

3

the firearms stolen during the robbery.  Davis later saw Major changing the license plate on his car.  A review of the evidence demonstrates that the record is not devoid of evidence of Major's guilt or that the evidence was "so tenuous that a conviction is shocking."  See Avants, 367 F.3d at 449.

Major, Rhodes, and Alves contend that the district court erred (1) in excluding the testimony of Stacy Harris concerning statements allegedly made by Terrell Clark and (2) in not allowing Clark to be recalled to deny making these statements.  We review the admission or exclusion of evidence for abuse of discretion, and any resulting error for harmlessness.  Cantu, 167 F.3d at 203.  We review alleged violations of the Confrontation Clause de novo, and any resulting error for harmlessness.  United States v. Bell, 367 F.3d 452, 465 (5th Cir. 2004).  As Major and Alves did not object to the district court's exclusion of Harris's testimony and the limitations of Clark's cross-examination, our review is limited to plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  The defendants have not shown that the district court abused its discretion in excluding Harris's testimony or violated their rights under the Confrontation Clause by limiting their cross-examination of Clark.  Rhodes's counsel was permitted to cross-examine Clark extensively concerning his plea agreement with the government in exchange for a lesser sentence and the government's agreement not to prosecute him for the robbery of the Alvarado Pawn Shop.  Rhodes's counsel also

4

cross-examined Clark concerning inconsistent statements that he made to the police concerning the robberies. This cross-examination confirms that the jury was provided adequate information to appraise Clark's bias and motives. See United States v. Mizell, 88 F.3d 288, 293 (5th Cir. 1996). The jury's acquittal of Rhodes for counts one, two, and three concerning the Alvarado Pawn Shop robbery is also a strong indication that the jury had adequate information to appraise Clark's bias, motives, and credibility. And, as Clark's testimony was cumulative of the testimony of VanHuss and Davis and extensive cross-examination of Clark was otherwise permitted, any error was harmless. See Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). As the jury was provided with adequate information to assess Clark's bias and motives, and as Clark's testimony was corroborated by other evidence, including the testimony of Davis and Hickman against these defendants, Alves and Major have failed to show that the district court's limitation of their cross-examination of Clark was reversible plain error. See Mares, 402 F.3d at 520-21.

Alves urges that the district court erred in refusing to suppress his statements made while in custody because he was under the influence of narcotics and unable to intelligently waive his rights. He also urges that statements he made after requesting an attorney should have been suppressed. As Alves did not provide a transcript of the suppression hearing, we are precluded from

5

reviewing his allegations in that regard. See United States v. Narvaez, 38 F.3d 162, 167 (5th Cir. 1994).

Alves further contends that the district judge erred in refusing to recuse himself. Alves has not shown that a reasonable person who knew all of the circumstances would harbor doubts about the judge's impartiality. See United States v. Anderson, 160 F.3d 231, 233 (5th Cir. 1998). Therefore, Alves has not shown that the district court abused its discretion in denying his motion for recusal.

All Defendants-Appellants insist that their sentences should be vacated in light of United States v. Booker, 543 U.S. 220 (2005). The government conceded that the defendants's objections based on Blakely v. Washington, 542 U.S. 296 (2004), were sufficient to preserve this issue for appeal. We review the sentences for harmless error. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The government also concedes that the district court erred in imposing the defendants' sentences under the mandatory Guidelines, and that it cannot demonstrate that the error was harmless beyond a reasonable doubt because there is no indication in the record that the district court would have imposed the same sentences if the Guidelines had been advisory. See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005). Accordingly, the sentences of Major, Rhodes, and Alves are vacated and their cases remanded for resentencing.

Major also claims that the district court erred in increasing his offense level under U.S.S.G. § 2K2.1(b)(4) because the firearms were stolen.  As we are vacating Major's sentence and remanding for resentencing, we do not reach this argument of sentencing error at this time.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.