United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40924
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ARTURO HERRERA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-98
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

     Arturo Herrera appeals his jury conviction for possession of
a firearm by a convicted felon, in violation of 18 U.S.C.
§ 922(g)(1).  Herrera argues that his confession to possession of
the firearm was uncorroborated and that § 922(g)(1) cannot
constitutionally be construed as criminalizing intrastate
possession of a firearm merely because the firearm had traveled
in the past from another state or country.  This court does not
review Herrera's argument that his confession was uncorroborated
because Herrera, as the appellant, has failed to provide a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complete record on appeal of the evidence relevant to that argument.  See FED. R. APP. P. 10(b)(1), (2); United States v. Narvaez, 38 F.3d 162, 167 (5th Cir. 1994).  Even if Herrera's argument were considered, the evidence before this court demonstrates that independent evidence exists sufficient to justify a jury's inference of the truth of his confession.  See United States v. Deville, 278 F.3d 500, 506-07 (5th Cir. 2002).  The firearm in question was found by police inside a car in which Herrera was a passenger, within arm's reach of Herrera, after police had observed Herrera moving in such a way as to suggest that he was hiding something.

Herrera's argument that § 922(g)(1) is unconstitutional as applied to him is foreclosed by this court's precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

AFFIRMED.