IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 05-41135
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MANUEL ANTONIO VALLES-ZAMORA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-229-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Manuel Antonio Valles-Zamora appeals his jury conviction and 30-month sentence for conspiracy to transport undocumented aliens for private financial gain in violation of 8 U.S.C. § 1324. First, Valles-Zamora contends that the district court erred in denying his motion to compel discovery, in which he sought leave to photocopy particular documents that were in the government's possession. The district court denied this motion during a pre-trial hearing, the transcript of which is not included in the record on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"It is appellant's responsibility to order parts of the record which he contends contain error." United States v. Narvaez, 38 F.3d 162, 167 (5th Cir. 1994). Valles-Zamora's failure to provide the relevant transcript prevents review of this issue. See id.

Valles-Zamora next asserts that the district court erred pursuant to Brady v. Maryland, 373 U.S. 83 (1963), by denying his motion to order the government to disclose the terms of a plea agreement of co-conspirator, Maria Bazan. "This court reviews allegations of Brady violations de novo." United States v. Infante, 404 F.3d 376, 386 (5th Cir. 2005). "Brady rights are not denied where the information was fully available to the defendant and his reason for not obtaining and presenting such information was his lack of reasonable diligence." Id. (internal quotation marks omitted). Bazan's plea agreement was filed in the district court under the same case number as Valles-Zamora's case, and Valles-Zamora does not present any reason why he could not have obtained the plea agreement through reasonable diligence. See id. at 387.

Valles-Zamora insists that the district court erred in denying his motion to exclude evidence of his involvement in transporting illegal aliens in January and December 2004. "This court reviews for abuse of discretion a district court's decision to admit or exclude evidence." United States v. Yi, 460 F.3d 623, 631 (5th Cir. 2006). FED. R. EVID. 404(b) "prohibits evidence of other acts to prove the defendant's conformity therewith," but does not prohibit the introduction of intrinsic evidence. Id. at 631-32. Evidence is intrinsic "when the evidence of the other act and evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999) (internal quotation marks omitted). As the January and December 2004 acts occurred during the alleged span of the conspiracy and tended to show Valles-Zamora's participation in the conspiracy, the evidence was intrinsic and not subject to Rule 404(b). See id.

Valles-Zamora also contends that the district court erred in denying his motion to exclude evidence of the transportation of illegal aliens by Shawn Lara in November and December 2004. Shawn Lara was not named in Valles-Zamora's indictment. Valles-Zamora argues that this evidence was not relevant under FED. R. EVID. 402. "[W]here a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the government's proof." Powers, 168 F.3d at 749. Valles-Zamora's indictment alleged that he conspired with "other persons known and unknown" to transport illegal aliens. The evidence relating to Lara's participation in the November and December 2004 incidents was relevant to proving the existence of a conspiracy and Valles-Zamora's participation therein.

Valles-Zamora further asserts in conclusional fashion that, under FED. R. EVID. 403, the probative value of the evidence regarding Lara's acts was outweighed by its prejudicial effect. By failing to brief this issue adequately, Valles-Zamora has waived the issue. See United States v. Edwards, 303 F.3d 606, 647 (5th Cir. 2002).

Valles-Zamora advances that the district court erred in not imposing sanctions when the government failed to disclose photographs timely during discovery. Valles-Zamora's argument presupposes that Fed. R. Crim. P. 16(a) was violated, but he fails to brief why the photographs were subject to disclosure under Rule 16(a) and has thus waived the argument. See Edwards, 303 F.3d at 647. Neither has Valles-Zamora made the requisite showing of prejudice. See United States v. Scruggs, 583 F.2d 238, 242 (5th Cir. 1978).

Valles-Zamora next contends that the evidence was insufficient to prove the illegal status of the aliens being transported and that Valles-Zamora was aware of their illegal status. To establish the existence of a conspiracy to transport illegal aliens, the government must prove beyond a reasonable doubt that there was an agreement between Valles-Zamora and at least one other person to violate the law, that an overt act was done in furtherance of the

3

agreement, and that Valles-Zamora had knowledge of the agreement and voluntarily intended to join and participate in it. See United States v. Avila-Dominguez, 610 F.2d 1266, 1271 (5th Cir. 1980). Tyler Ross Severn, a co-conspirator, testified that he, Valles-Zamora, and another co-conspirator named Porfirio Ortiz, made plans to transport illegal aliens on January 7, 2005, from Rio Grande City, Texas, to Bryan, Texas, using a livestock trailer. Severn testified that Valles-Zamora helped translate the plans between English and Spanish, helped load a horse into the trailer to conceal the aliens, accompanied Severn on the trip in a separate vehicle to ensure that the transport occurred without any problems, and loaded a mother and her four children into the hay storage area of the trailer. A border patrol agent testified that the family was discovered at a border checkpoint, arrested for lack of proper documentation, and returned to Mexico.

Severn also testified that he, Ortiz, and Lara were involved in an ongoing scheme to transport illegal aliens from Mexico. Evidence was presented linking Valles-Zamora to this scheme: Valles-Zamora used a vehicle co-registered to Ortiz while transporting an illegal alien in January 2004; Lara was arrested in December 2004 after using a truck and horse trailer registered to Valles-Zamora to transport nine illegal aliens; and Lara requested that Valles-Zamora be called to pick up the horses involved in the December 2004 incident. Based on the foregoing evidence, a rational jury could have found beyond a reasonable doubt that Valles-Zamora conspired to transport illegal aliens. United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002); United States v. Crispin, 757 F.2d 611, 613-14 (5th Cir. 1985).

Valles-Zamora claims that his due process rights were violated because his judgment reflects that his sentence was determined as if his offense of conviction was transporting an illegal alien rather than conspiracy to transport an illegal alien. This argument is meritless. Any error in his judgment is merely clerical. The correct section of the United States Sentencing Guidelines was applied in

sentencing Valles-Zamora. See United States v. Cabrera, 288 F.3d 163, 168 (5th Cir. 2002).

Valles-Zamora advances that the district court erred in assessing a three-level enhancement to his offense level pursuant to U.S.S.G. § 2L1.1(b)(2) (Nov. 2004) on the basis that his offense involved 6 to 24 unlawful aliens. The district court's factual finding of the number of illegal aliens involved in Valles-Zamora's offense is reviewed for clear error. See Cabrera, 288 F.3d at 168. In addition to the five-member family that was discovered on the day of Valles-Zamora's arrest, evidence was presented that Valles-Zamora participated in transporting one illegal alien in January 2004 and that a truck and trailer registered to Valles-Zamora was used to transport nine illegal aliens in December 2004. There is no clear error in the court's count.

Finally, Valles-Zamora asserts that the district court erroneously enhanced his offense level pursuant to § 2L1.1(b)(5) (Nov. 2004) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. Valles-Zamora argues that the enhancement was not applicable, as the issue was not presented to the jury and proved beyond a reasonable doubt, as required by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The record evidence supports the increase. Valles-Zamora's argument is unavailing, because the penalty for his offense was not increased beyond the prescribed statutory maximum provided in 8 U.S.C. § 1324.

AFFIRMED.