# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2021

Lyle W. Cayce
Clerk

No. 19-51184

United States of America,

*Plaintiff—Appellee*,

*versus*

Julian Rosas Garza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-391-16

Before Jolly, Southwick, and Costa, *Circuit Judges*.

Per Curiam:[*]

Julian Rosas Garza received a combined sentence of 480 months of imprisonment on three different counts of conviction. On appeal, he argues the sentence was substantively unreasonable. He also argues that several procedural errors occurred, particularly that evidence of an uncharged offense of murder was introduced at sentencing. We AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-51184

## FACTUAL AND PROCEDURAL BACKGROUND

Garza and several codefendants were indicted for offenses related to their activities as members of the Texas Mexican Mafia ("TMM"). Garza was charged with: (1) conspiracy to interfere with commerce by extortion; (2) conspiracy to distribute and possess with intent to distribute a controlled substance; and (3) being a felon in possession of firearms in and affecting commerce. 18 U.S.C. §§ 1951, 922; 21 U.S.C. §§ 841, 846. Garza pled guilty to each of the three counts without the benefit of a plea agreement.

The latter two charges were grouped together as Count Group 1. We detail the presentence report's analysis of Count Group 1, as the issues before us are centered around it. The probation officer assigned Garza a base offense level of 38 on Count Group 1. Garza received two-level enhancements for each of the following: (1) he used firearms while collecting extortion payments; (2) he participated in or ordered multiple violent home invasions; and (3) the TMM distributed controlled substances in Texas Department of Criminal Justice and Bureau of Prisons facilities both during the conspiracy and while this case was pending. He received a three-level enhancement because he was a manager or supervisor in a criminal activity that involved five or more participants or was otherwise extensive.

Importantly for one issue on appeal, information about Garza's involvement in the murder of a rival drug dealer, Cesar Frausto, was contained in the presentence report. The Guideline calculation did not, however, include a cross reference for the murder. Instead, it only included the lesser enhancement for using violence or making threats of violence in connection with the home invasion robberies. *See* U.S.S.G. § 2D1.1(b)(2). Nonetheless, in addition to the information about the murder contained in the presentence report, witnesses testified at sentencing regarding Garza's role in the murder. The probation officer calculated the range under the

No. 19-51184

Guidelines as 240 months on the first charge, life imprisonment on the second, and 120 months on the third.

Garza filed several objections to the presentence report and requested a variance below the Guideline range. The district court overruled those objections following a hearing on them at sentencing. After resolving Garza's objections to the presentence report, the district court heard testimony and received evidence related to Frausto's murder.

The district court adopted the presentence report and sentenced Garza to 240 months of imprisonment on the first charge, 480 months on the second, and 120 months on the third, to run concurrently, for a total of 480 months of imprisonment. Garza objected "to the Court's determination of the [G]uidelines." The district court noted and overruled any objections Garza had to the Guideline calculations. Although Garza did not mention the substantive reasonableness of the sentence, the district court noted and overruled "any objection [Garza had] to the sentence as being unreasonable." Garza filed a timely notice of appeal.

## DISCUSSION

Garza argues that his sentence is both procedurally and substantively unreasonable. We "must first ensure that the district court committed no significant procedural error, . . . [and,] [a]ssuming that the district court's sentencing decision is procedurally sound, [we] then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

I.    *Procedural unreasonableness*

Garza raises three issues relating to procedural unreasonableness. He claims: (1) the district court did not provide his counsel with a meaningful

opportunity to speak at his sentencing; (2) the district court erred by allowing Government witnesses to testify at sentencing to Garza's involvement in a murder; and (3) the district court erred by applying a three-level sentencing enhancement based on Garza's managerial role in the offense.

Of the procedural issues, Garza objected at sentencing only to the admission of unreliable hearsay testimony regarding the murder and the sentence enhancement.  For issues for which an objection was made, the court reviews the "district court's interpretation and application of the Guidelines *de novo*, and reviews findings of fact for clear error." *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013); FED R. CRIM. P. 51(a).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole," and this court "will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed." *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (quotation marks omitted).

For those issues to which Garza did not contemporaneously object, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Under plain-error review, we may grant relief when the district court's procedure erroneously diverged from a legal rule that is "clear or obvious" and not "subject to reasonable dispute."  *Id.*  We also must determine that the error affected the defendant's "substantial rights," meaning that it "affected the outcome of the district court proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).  Even then, the court has discretion that "ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotation marks omitted).

No. 19-51184

### A.    Counsel's ability to comment on the presentence report

Garza argues that the district court prevented him from presenting to the district court matters related to sentencing in violation of Federal Rule of Criminal Procedure 32.  He frames it as an allocution error, but it actually occurred at the part of sentencing where Garza made objections to the presentence report.  Still, Rule 32 requires the court at sentencing to "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." FED. R. CRIM. P. 32(i)(1)(C).

The record reflects that the district court was especially familiar with the arguments surrounding the drug-quantity calculation underlying the base offense level for this conspiracy.  The district court listened to and considered Garza's objections.  In making his objection to the base offense level, counsel stated:

> I understand this Honorable Court has heard this so many times that I'm probably not going to contribute anything new. And in that vein, I would like to adopt any arguments codefendants' counsel have made in regard to drug quantity. Lots of very experienced attorneys have argued this issue before this Honorable Court, and so I wouldn't want to pass up an opportunity to adopt those arguments, if this Court would allow that.

The district court agreed, allowing counsel to continue, but it did not agree to allow a witness to testify about the drug-quantity calculation.  Because the district court had already heard these arguments "about 25 different times" from defendants in the same case, we see no error in the district court's decision that it need not hear from a witness who would reiterate the basis for the drug-quantity calculation.  *See United States v. Narvaez*, 38 F.3d 162, 165 (5th Cir. 1994).  Garza has not demonstrated that the district court

committed a clear or obvious violation of Rule 32(i)(1)(C) by refusing to entertain repetitive witness testimony. *See Puckett*, 556 U.S. at 135.

### B.    *Testimony regarding murder*

Garza challenges the testimony at sentencing of three Government witnesses regarding the murder of the rival drug dealer, Cesar Frausto. He asserts: (1) the testimony was unreliable hearsay; (2) the recess in proceedings did not provide the defense with enough time to prepare to cross-examine the witnesses; and (3) the district court should have made a Rule 32(i)(3)(B)[1] ruling on the murder.

Because Garza objected in district court to the reliability of hearsay testimony related to the murder in determining the sentence, this court reviews the district court's interpretation and application of the Guidelines *de novo* and reviews its findings of fact for clear error. *See Valdez*, 726 F.3d at 692. Garza correctly acknowledges that, in "making factual findings for sentencing purposes, the district court may consider any evidence which bears sufficient indicia of reliability to support its probable accuracy, including hearsay evidence." *United States v. Nava*, 624 F.3d 226, 230–31 (5th Cir. 2010) (quotations marks and citation omitted).

First, Garza argues that the witnesses were not credible. The district court, however, explicitly found that the witness testimony regarding the murder was credible. Credibility findings at sentencing "are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996). Thus, we will defer to a district court's credibility determination. *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). Garza's arguments before this court do not provide any basis for overturning

---

[1] Garza's brief cites to Rule 32(i)(3)(A), but this appears to be a mistake.

the district court's credibility determination.  *See id*.  Consequently, we do not do so here.

Second, Garza argues that he was given insufficient time to prepare for the Government's witnesses.  The district court provided Garza with a two-and-a-half-hour recess to prepare.  Garza did not object in district court to the length of the recess as insufficient to prepare; therefore, we review this issue for plain error.  *See Puckett*, 556 U.S. at 135.  The record shows that Garza's counsel knew that the murder would be a contested issue at sentencing and that he had "several lengthy visits" with the Government, during which he was able to review certain relevant documents.  Review of the cross-examinations conducted by counsel does not indicate a lack of preparedness; rather, counsel effectively challenged the witnesses' credibility, their motives, and their lack of first-hand knowledge of the murder.  Garza has not demonstrated that the district court committed a clear or obvious error regarding the length of the recess or that any such error affected his substantial rights.  *See id.* at 135.

Third, Garza argues that the district court erred by not making a Rule 32(i)(3)(B) ruling "stating [that the court] was not going to listen to the murder witnesses."  As with the credibility challenge to the murder testimony, Garza did not preserve his argument that the district court should have made a Rule 32 ruling.  We review for plain error.  *See Puckett*, 556 U.S. at 135.  This rule requires that the district court "must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  FED. R. CRIM. P. 32(i)(3)(B).

In none of our precedents have we examined the scope of Rule 32(i)(3)(B) or addressed whether the definition of "other controverted

matter" is expansive and includes any issue challenged at sentencing. Given the lack of controlling authority supporting the application of Rule 32(i)(3)(B) to matters outside the presentence report, any error by the district court in not making the requested ruling was not clear or obvious. *See Puckett*, 556 U.S. at 135. Furthermore, Garza has not demonstrated that the ruling would have altered the outcome of the proceedings. *See id.* at 135.

Though the district court did not explicitly state it would not consider the murder, the record does support that the district court did not rely on the murder evidence in any meaningful way. For example, the district court stated in response to the Government's evidence of Frausto's murder:

> [F]rom a fairness standpoint, not only to the defendant, but more importantly to the victim and the family, . . . [if] the state wants to try a murder case, let them try the murder case, and let's have a full adjudication of the murder case, and if he can be found guilty of the murder case beyond a reasonable doubt, so be it. But, you know, you're trying a murder case in this drug conspiracy.

This demonstrates the district court's reluctance to consider the murder in sentencing Garza.

The district court's sentence of 40 years' imprisonment also supports that it gave little consideration to the murder. The Guideline range for Count 2 was life, and the Government asked the district court to give 60 years' imprisonment. Other defendants in the case had received sentences of 20–40 years. The Government even argued that Garza's culpability was "much worse than" that of one defendant who had received 52 years. Garza has not met his burden under plain-error review to show that any Rule 32 failure by the district court prejudiced him.

C.    *Three-level enhancement*

Garza preserved his argument that he should receive a two-level enhancement based on his leadership role in the offense pursuant to Section 3B1.1(c) of the Guidelines instead of a three-level enhancement under Section 3B1.1(b), so we review the district court's factual finding for clear error. *See Zuniga*, 720 F.3d at 590. The record supports that Garza exercised control over at least one other member of the conspiracy. *See United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (*en banc*); U.S.S.G. § 3B1.1(b) cmt. n.2. Additionally, Garza managed drugs belonging to the conspirators and directed the activities of other conspirators. *See Delgado*, 672 F.3d at 345. Therefore, the district court did not clearly err by finding facts that justified a three-level enhancement based on Garza's role in the offense. *See id.*; U.S.S.G. § 3B1.1(b) cmt. n.2.

II.    *Substantive unreasonableness*

In his final argument, Garza challenges the substantive reasonableness of his sentence. Because he argued in favor of a lower sentence in the district court, this court reviews the sentence imposed under an abuse-of-discretion standard and considers the totality of the circumstances. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *Gall*, 552 U.S. at 51. In reviewing substantive reasonableness, we presume that a sentence within or below the applicable Guideline range is reasonable. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

Though Garza's appellate brief sets forth the correct law regarding the presumption of reasonableness and how a defendant might overcome that presumption, he articulates no substantive challenge to the reasonableness of the sentence. His challenge consequently fails. AFFIRMED.