IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50652
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN W. JENNINGS,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-94-CR-264
- - - - - - - - - -
June 20, 1996

Before KING, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John W. Jennings argues that the district court plainly erred in instructing the jury on "constructive and joint possession." He further argues that the district court failed to make the findings required by Fed. R. Crim. P. 32(c)(1) with respect to his sentencing entrapment objection to the presentence report. Jennings also argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

acquittal because the evidence was insufficient to support his conviction for possession with intent to distribute cocaine.

We have reviewed the record, including the transcripts of the trial and the sentencing hearing, and the briefs of the parties and affirm Jennings' conviction.  The district court did not commit plain error in instructing the jury on "constructive and joint possession" because the instruction clearly and correctly stated the law as applied to the facts of the case. United States v. Lara-Velasquez, 919 F.2d 946, 950 (5th Cir. 1990).

The district court did not violate Rule 32(c)(1) by failing to make specific findings on the issue of sentencing entrapment because Jennings failed to clearly present that issue to the district court.  See United States v. Rodriquez, 897 F.2d 1324, 1327-28 (5th Cir.), cert. denied, 498 U.S. 857 (1990).

The district court did not err in denying Jennings' motion for judgment of acquittal because, viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found that Jennings was guilty of possession with the intent to distribute cocaine beyond a reasonable doubt.  United States v. Gallo, 927 F.2d 815, 820 (5th Cir. 1991).

AFFIRMED.