United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-20168
Summary Calendar**

**UNITED STATES OF AMERICA,**

                                        **Plaintiff-Appellee,**

**versus**

**RANDY BURGESS,**

                                        **Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-393-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

    Randy Burgess pleaded guilty to being a felon in possession of a firearm; he was sentenced to 48 months in prison and a three-year term of supervised release. Burgess appeals his conviction and sentence.

    Burgess claims that the statute of conviction violates the Second Amendment and the Commerce Clause. These claims are foreclosed by Fifth Circuit precedent. *See **United States v. Darrington***, No. 03-20052, 2003 WL 22706079, __ F.3d __ (5th Cir. 18

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nov., 2003); *United States v. Daugherty*, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002).

Concerning the sentence, a district court's interpretation of the sentencing guidelines is reviewed *de novo*; its factual findings, for clear error. *See United States v. Sharpe*, 193 F.3d 852, 873 (5th Cir. 1999). Burgess contends that the district court clearly erred in finding that he possessed a firearm in connection with the commission of an aggravated robbery and concomitantly increasing his base offense level in accordance with U.S.S.G. § 2K2.1(b)(5).

Along this line, Burgess contends that his rights under the Due Process and Confrontation Clauses were violated when, to assess this adjustment, the district court relied on the victim's statement contained in a police report. These contentions are unavailing. *See United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992), *cert. denied sub nom. Allman v. United States*, 508 U.S. 955 (1993), *cert. denied sub nom. Crow v. United States*, 508 U.S. 980 (1993); *United States v. Rodriguez*, 897 F.2d 1324, 1328 (5th Cir.), *cert. denied,* 498 U.S. 857 (1990).

Burgess' alternate contention that the victim's statement is unreliable is likewise unavailing. The information contained in the Presentence Investigation Report provided a sufficient basis for the district court to assess this adjustment. *See United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995). Further, the

district court's decision on this matter was based at least partially on a credibility determination that this court will not second guess.  *See* **United States v. Garza**, 118 F.3d 278, 283 (5th Cir. 1997).

**AFFIRMED**