# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UZOMA OKECHUKWU OSUAGWU, also known as Nnanna Okereke, also known as Bret Stanley,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-305-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Uzoma Okechukwu Osuagwu challenges his guilty plea and 175-month sentence for conspiracy to launder funds, unlawful procurement of naturalization, and aiding and abetting aggravated identity theft. He contends that (1) the factual basis for each of the three offenses was insufficient to support his guilty plea; (2) the district court erred under Federal Rule of Criminal Procedure 11 by failing to address him personally to determine whether there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was an adequate factual basis; (3) the district court erred in determining the loss amount; (4) the district court erred by failing to make adequate findings on the concerning the loss amount; (5) the district court erred in finding that a substantial portion of the fraudulent conduct occurred outside of the United States; (6) the district court erred by finding that he was a leader or organizer of the criminal activity; (7) the district court erred by finding that there were more than 10 victims; (8) the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a); and (9) his sentence was substantively unreasonable.  For the reasons that follow, the judgment of the district court is affirmed.

Relying upon *United States v. Santos*, __ U.S. __, 128 S. Ct. 2020 (2008) (plurality opinion), Osuagwu challenges the factual basis for his money laundering conviction because it did not describe a financial transaction of the profits from a criminal act.  Although *Santos* was issued after the judgment was rendered in Osuagwu's case, we review the issue for plain error.  *See United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009), *cert. denied*, 2009 WL 1615546 (Oct. 5, 2009) (No. 08-1517), *and Marquez v. United States*, 129 S. Ct. 2783 (2009).  Because there was no consensus in *Santos* that the definition of "proceeds" in § 1956(a)(1) should be profits with respect to any offense other than operating an illegal lottery, any error by the district court was not clear or obvious.  *See Fernandez*, 559 F.3d at 315-16.

Osuagwu also asserts that the factual basis was insufficient for his aggravated identity theft offense because the factual basis did not allege that he knowingly used the name and social security number of a real person.  Because he raises the issue for the first time before this court, we review it for plain error.  *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001).  While nothing in the record explicitly states that Osuagwu knew that the victim was a real person, the evidence was sufficient for the district court to draw that inference.  *See United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir.), *cert.*

*denied*, 129 S. Ct. 437 (2008). For example, Osuagwu admitted in the factual basis that he used the victim's name and social security number *without the victim's consent*. We find no error by the district court.

Finally, Osuagwu challenges for the first time the factual basis for the unlawful procurement of citizenship offense. To prove a violation of 18 U.S.C. § 1425(b), the Government was required to show, inter alia, that Osuagwu "knew he was not entitled to naturalization and citizenship." *United States v. Moses*, 94 F.3d 182, 187 (5th Cir. 1996). We review the forfeited issue for plain error. *See Marek*, 238 F.3d at 315. The record showed that Osuagwu was convicted of a felony federal mail fraud offense within five years of becoming a naturalized citizen and that he concealed the conviction during the application process. He thus fails to show that the district court committed a clear or obvious error. *See Hildenbrand*, 527 F.3d at 475; *Moses*, 94 F.3d at 187.

Next Osuagwu asserts that his conviction on all three counts should be reversed under Federal Rule of Criminal Procedure 11 because the district court to failed to address him personally for the purpose of determining that there was an adequate factual basis. The issue is reviewed for plain error because Osuagwu did not object to the Rule 11 colloquy. *United States v. Vonn*, 535 U.S. 55, 59 (2002). We find no error, plain or otherwise, because Rule 11 does not require the district court to address the defendant personally to determine whether there is an adequate factual basis. *See* FED. R. CRIM. P. 11(b)(3).

With respect to the sentence imposed, Osuagwu asserts that the district court clearly erred in finding a loss amount that was not supported by a preponderance of the evidence. He asserts for the first time on appeal that the district court erred by relying on information in the Presentence Report (PSR) and the accompanying Master Fraud List because there was no source provided for certain information, other information was provided by co-conspirators, and certain information was the product of unsworn allegations by an unidentified agent. He further asserts that, after he objected to the PSR's loss calculation,

the Government was required to provide reliable and specific evidence supporting its position.

The district court appropriately relied upon the PSR to find that the loss amount was greater than $2,500,000, justifying an 18-level enhancement under U.S.S.G. § 2B1.1(b)(1). While Osuagwu issued conclusory denials of several factual assertions in the PSR, he failed to present competent rebuttal evidence. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009); *United States v. Parker*, 133 F.3d 322, 329. He fails to show that the district court plainly erred by crediting information in the PSR provided by his co-conspirators. The co-conspirators' statements were corroborated by bank surveillance footage, bank records, evidence seized from Osuagwu's computer, his own admissions, and the information provided by other co-conspirators. *See United States v. Rodriguez*, 897 F.2d 1324, 1327-28 (5th Cir. 1990). His reliance on *United States v. Taylor* to challenge information provided by the case agent is misplaced, as *Taylor* involved a guarantee of "use immunity." *See* 277 F.3d 721, 724-27 (5th Cir. 2001).

Osuagwu also asserts that the district court failed to make adequate findings in support of its loss determination. As with previous forfeited issues, we review this issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d at 357, 361 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). Citing U.S.S.G. § 1B1.3, the district court found that Osuagwu was accountable for the entire loss amount because the losses were incurred as "part of a common scheme or plan." Although the court's explanation was brief, it was a sufficient as a finding that the losses caused by Osuagwu's co-conspirators were within the scope of his agreement to participate in the conspiracy. *See* § 1B1.3; *United States v. Hammond*, 201 F.3d 346, 351 (1999).

However, the district court's comments cannot be interpreted as a finding that the losses were foreseeable to Osuagwu. *See Hammond*, 201 F.3d at 351.

The failure to make such a finding was error that was clear or obvious. *See id.* at 351-52. Nevertheless, Osuagwu fails to show that the error affected his substantial rights. The record shows that he was a leader or organizer of the fraudulent scheme who recruited certain members of the conspiracy and directed them to recruit others. He gave orders instructing his co-conspirators how and when to withdraw the stolen funds; he or his girlfriend then deposited the funds into their own accounts; and he funneled the stolen funds abroad. It was foreseeable to Osuagwu that co-conspirators were being recruited and that many sizeable fraudulent transfers were being made into their accounts. Accordingly, Osuagwu fails to show that the district court committed plain error. *See Mondrago-Santiago*, 564 F.3d at 364.

The Government asserts that the remainder of the sentencing issues are barred by the appeal waiver in Osuagwu's plea agreement. Osuagwu asserts that the waiver was unknowing because the district court failed to inform him of one of its three exceptions and to determine that he understood each of the three exceptions. The district court asked Osuagwu whether he had read and understood the plea agreement. The court and the prosecutor warned him that he was waiving his right to appeal by entering the agreement, except in the limited circumstances provided in the agreement. Because the record shows that Osuagwu knew he had a right to appeal his sentence and that he was giving up that right, we find that the waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005).

In the alternative, Osuagwu asserts that the appeal waiver does not apply because he expressly reserved the right to appeal an upward departure from the correctly calculated guidelines range. Applying the normal rules of contract interpretation to the waiver provision, *see McKinney,* 406 F.3d at 746, we reject this argument. The plain language of the waiver exception does not apply to Osuagwu's sentence because the district court did not issue an upward departure from the guidelines range. AFFIRMED.