# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 09-10283
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-159-3

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Martinez appeals his 235-month sentence, imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute 500 grams or more of cocaine. Martinez contends the district court erred: in its drug-quantity determination; in applying an obstruction-of-justice enhancement; and, in denying an acceptance-of-responsibility reduction.

Although post-*Booker* (2005), the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Martinez maintains the district court erred in its drug-quantity determination because it included the three kilograms of cocaine he allegedly offered "to front" for an undercover officer. He asserts that an insufficient evidentiary basis existed for this finding because he challenged the findings provided in the presentence investigation report (PSR), and the district court did not require the Government to present further evidence. Martinez also maintains the district court should not have included the three kilograms of cocaine because there was no evidence the undercover officer and Martinez agreed to a transaction regarding them.

The district court's reliance on the PSR for its drug-quantity determination is a finding of fact, and, therefore, as noted, review is only for clear error. *United States v. Taylor*, 277 F.3d 721, 724 (5th Cir. 2001). A finding of fact is *not* clearly erroneous if "the evidence is plausible in light of the record viewed in its entirety". *United States v. Charon*, 442 F.3d 881, 891 (5th Cir. 2006) (quoting *United States v. Harris*, 434 F.3d 767, 773 (5th Cir. 2005)).

"Facts contained in a PSR are considered reliable and may be adopted without further inquiry if the defendant fails to present competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (citing *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)). A defendant's rebuttal evidence "must demonstrate that the PSR information is materially untrue, inaccurate or unreliable. Mere objections do not suffice as competent rebuttal evidence". *Id.* (internal quotations and citation omitted).

2

The PSR contained information showing Martinez offered to front an undercover officer up to three kilograms of cocaine. Martinez also admitted there was an audio recording on which he stated: if the cocaine transaction (that led to his conviction) went well, the undercover officer could get two or three kilograms more from Martinez' supplier.

Martinez' contention that the offer was insufficient to show an agreement also fails. "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level" unless, *inter alia*, defendant establishes he did not intend to provide or purchase the agreed-upon amount or was not reasonably capable of providing it. U.S.S.G. § 2D1.1 cmt. n.12.

Martinez not having presented evidence showing the information contained in the PSR was untrue or unreliable, the district court was entitled to rely upon that information. *See Parker*, 133 F.3d at 329. Accordingly, the district court did *not* clearly error by adopting the facts found in the PSR and finding that Martinez offered to provide three kilograms of cocaine to an undercover officer. *See id.*

Regarding Martinez' claim that the district court erred by applying an obstruction-of-justice enhancement and denying an acceptance-of-responsibility reduction, the district court based its rulings on its factual finding that Martinez threatened co-defendant Arreguin. Martinez, however, maintains the court's finding that the threats were made with the intent to discourage Arreguin from cooperating with the Government was not supported by sufficient evidence. Martinez's sole challenge to the denial of an acceptance-of-responsibility reduction is his contention that the district court should *not* have applied an obstruction-of-justice enhancement. Accordingly, at issue is whether the district court clearly erred by finding Martinez obstructed justice, thus warranting both the obstruction-of-justice enhancement and the denial an acceptance-of-responsibility reduction. *See* U.S.S.G. § 3E1.1 cmt. n.4.

3

The PSR stated Arreguin told law enforcement officials that Martinez and another co-defendant, after they were arrested, had threatened him and his family. Although the evidence that Martinez threatened Arreguin was based on Arreguin's statements, Martinez did not present evidence to rebut that finding in the PSR. Accordingly, the district court could rely upon the information in the PSR to find Martinez threatened Arreguin. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). The district court also made a "reasonable inference" that the threats made against Arreguin were motivated by a desire to discourage Arreguin from providing further cooperation to law enforcement officials. *See United States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir. 1990) (holding that district court may make reasonable inferences from facts). Therefore, Martinez has not shown the district court clearly erred by making the inference that he obstructed justice by threatening Arreguin. *See id.*

AFFIRMED.