**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jacob C. GUZMAN, Defendant–
Appellant.**

No. 09–50802
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Margaret Eve Trook, Alpine, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Jacob C. Guzman, a prison guard at the Reeves County Detention Center, accepted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

bribes from the family members of inmates in exchange for smuggling contraband into the facility. After a jury trial, he was convicted of two counts of acceptance of a bribe by a public official, destruction of property to prevent seizure, and providing contraband in a prison and sentenced to forty-six months' imprisonment. Guzman challenges his sentence, arguing the district court erred in applying a four-level enhancement based on the conclusion that he was a "public official in a high-level decision-making or sensitive position" under U.S.S.G. § 2C1.1(b)(3). We review the interpretation and application of the sentencing guidelines by the district court de novo and its factual findings for clear error.[1]

■ Guzman first challenges the four-level enhancement under *Apprendi v. New Jersey;*[2] claiming the jury was required to decide whether Guzman's prison guard position was a high-level decision-making or sensitive position. That argument is untenable because a jury verdict is only necessary under *Apprendi* if the fact found by the sentencing judge increases the sentence above the statutory maximum, which is not the case here.[3]

■ Turning to the enhancement, we find the district court did not err. Guzman concedes that he is a public official, contending only that, as a low-level prison guard, he does not qualify as an official in a high-level decision-making or sensitive position. The district court based its decision to apply the four-level enhancement on its finding that Guzman had "substantial influence over the decision-making process ... and day-to-day management and safety of the facility," and that prison guards are the source of all disciplinary reports used to determine, among other things, forfeiture of visitation, good time, and commissary privileges. The district court also noted that corruption by prison staff has had dire effects, including rioting by inmates that risked the safety of inmates and staff.

The commentary to § 2C1.1 defines a high-level decision-making or sensitive position as "a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process," and includes as examples the position of "law enforcement officer" and "any other similarly situated position."[4] This court has held that a sensitive position is one that has power to affect the integrity and workings of the judicial and law enforcement system.[5] A prison guard has the authority and the ability to directly and significantly influence inmates' lives and the entire facility's safety with the decisions he or she makes. Such

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See United States v. Gonzalez–Terrazas,* 529 F.3d 293, 296 (5th Cir.2008); *United States v. Villegas,* 404 F.3d 355, 358–59 (5th Cir.2005).

2. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

3. *See also id.* at 490, 120 S.Ct. 2348.

4. Notably, the commentary was amended in 2004 to suggest officers need not be in a supervisory position to be considered "sensitive." The amendment replaced the example

"supervisory law enforcement officers" with the current "law enforcement officers." *See* U.S.S.G. Amend. 666 (effective Nov. 1, 2004).

5. *See United States v. Snell,* 152 F.3d 345, 348 (5th Cir.1998) (affirming the sentence enhancement of a juror as an official in a high-level decision-making or sensitive position); *see also United States v. Merker,* 334 Fed.Appx. 953, 966 (11th Cir.2009) (per curiam) (unpublished) (holding a Customs and Border Patrol agent qualified as an official in a sensitive position).

power within the judicial system makes the position of prison guard a sensitive position under the sentencing guidelines.

AFFIRMED.