**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 09-50846

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRUCE MCCOWAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 7:09-cr-00067

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bruce McCowan pleaded guilty to conspiracy to bribe a public official in violation of 18 U.S.C. §§ 201(b)(1)(C), 371, for arranging to have a correctional officer at the facility where McCowan was incarcerated smuggle drugs to him. At sentencing, the district court increased McCowan's offense level by six by applying the sentencing enhancement prescribed by U.S.S.G. § 2C1.1(b)(3), for "offense[s] involv[ing] an elected official or any public official in a high-level decision-making or sensitive position," because the court concluded that a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50846

correctional officer was a public official in a sensitive position.  McCowan appeals, arguing that a correctional officer is not a public official in a sensitive position and that the district court lacked "a factual basis" for reaching that conclusion.  We AFFIRM.

In his June 2009 written plea agreement, McCowan acknowledged that as an inmate at the Ector County Correctional Center ("ECCC"), in Odessa, Texas, he arranged with "a prison guard, A. Zehr," at ECCC to meet with McCowan's brother, Marcus, outside of the facility, and that Marcus would provide Zehr with contraband to smuggle into ECCC for McCowan.  The plea agreement further acknowledged that Marcus and Zehr eventually met, and Marcus paid Zehr $100 and gave him the contraband that Zehr delivered to McCowan at ECCC.

The Presentence Investigation Report ("PSR") identified Zehr, as "a correctional officer, employed at . . . ECCC," and because of Zehr's position, the PSR recommended an offense-level enhancement under U.S.S.G. § 2C1.1(b)(3), for an "offense involv[ing] . . . any public official in a . . . sensitive position," increasing McCowan's offense level from twelve to eighteen.  At sentencing, McCowan did not object to the finding adopted by the district court that Zehr was a correctional officer.[1]  However, he did object to the upward adjustment because he contended that Zehr was not in a sensitive position.  The district court overruled McCowan's objection and applied the enhancement because it found that "as a prison guard, Mr. Zehr is in a sensitive position.  A prison guard does have great control over the inmates under his or her control.  They can write people up.  They can make recommendations.  They deal with their daily lives in that position. . . .  They are law enforcement officials responsible for the day-to-day management and safety of the facility."  McCowan offered no rebuttal

---

[1] "At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact."  Fed. R. Crim. P. 32(i)(3)(A).

2

evidence, but continued his objection that "there is not a factual basis" in the record to find Zehr was in a sensitive position.

"The question whether [an official] is an official holding a high-level decision-making or sensitive position, because it depends primarily upon interpretation of the sentencing guidelines, is a question of law that we review *de novo.*" *United States v. Snell*, 152 F.3d 345, 346 (5th Cir. 1998) (citing *United States v. Stephenson*, 895 F.2d 867, 877 (2d Cir. 1990)).  We examine the underlying "[f]actual questions, such as the discretion, supervisory authority, and other indicia of responsibility of [the] official . . . only for clear error and afford great deference to the court's application of the guidelines to those facts." *Id.* (citing *United States v. Tomblin*, 46 F.3d 1369, 1391 (5th Cir. 1995)).  "The burden is on the party seeking to adjust the sentence level to prove 'by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment.'" *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (quoting *United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir. 1990)).  "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The sentencing court may rely on the facts in the PSR "without more specific inquiry or explanation, provided those facts had an adequate evidentiary basis" and the defendant has not presented rebuttal evidence. *United States v. Rodriguez*, 897 F.2d 1324, 1328 (5th Cir. 1990).  And "the court is permitted to make inferences from the facts." *Id.* at 1326.

Section 2C1.1(b)(3) of the Sentencing Guidelines provides: "If the offense involved an elected official or any public official in a high-level decision-making or sensitive position, increase by 4 levels.  If the resulting offense level is less than level 18, increase to level 18."  U.S.S.G. § 2C1.1(b)(3) (Nov. 2009). According to the commentary to § 2C1.1(b)(3), "'High-level decision-making or sensitive position' means a position characterized by a direct authority to make

decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process." *Id.* cmt. n.4(A). "Examples of a public official who holds a sensitive position include a juror, *a law enforcement officer*, an election official, and any other similarly situated individual." *Id.* cmt. n.4(B) (emphasis added). Before 2004, the commentary listed "supervisory law enforcement officers" as an example of a public official in a sensitive position. *See* U.S.S.G. Manual supp. app. C, amend. 666. The 2004 amendments to § 2C1.1 and its commentary changed this example to simply "law enforcement officer," *id.*, "suggest[ing that] officers need not be in a supervisory position to be considered 'sensitive.'" *United States v. Guzman*, 383 F. App'x 493, 494 n.4 (5th Cir. 2010) (unpublished).

Based upon the undisputed facts in the record and inferences supported by those facts, we hold that the district court did not err in applying § 2C1.1(b)(3) to enhance McCowan's offense level because those facts and inferences meet the Sentencing Guidelines' definition of a public official in a sensitive position. McCowan contends that the record evidence does not support the district court's findings; however, the plea agreement identified Zehr as a "prison guard" and the PSR identified him as a "correctional officer" and McCowan did not dispute these facts or offer rebuttal evidence. The record also indicates that Zehr had access to inmates. Therefore, district court's factual findings about Zehr's duties and responsibilities are plausible in light of the record as a whole and are not clearly erroneous.

The district court's findings support the conclusion that Zehr occupied a sensitive position.[2] The district court found that correctional officers have a substantial influence over the decision-making process by having significant control over prisoner disciplinary matters and tremendous responsibility for the

---

[2] McCowan does not contend that Zehr was not a "public official" but only that he was not in a sensitive position.

No. 09-50846

"day-to-day management and safety of the facility." This finding meets the Sentencing Guidelines' definition of "sensitive position," which is "a position characterized . . . by a substantial influence over the decision-making process." U.S.S.G. § 2C1.1 cmt. n.4(A).

McCowan mistakenly argues that our decision in *Tomblin*, 46 F.3d at 1391, which was decided *before* the 2004 amendments to § 2C1.1,[3] dictates that only where an official possesses "some final decision-making authority" or occupies a position that "involves substantial responsibility for funds can the position qualify under the" Sentencing Guidelines as a sensitive position. In *Tomblin*, we held that "[a] senator's top administrative aide holds a position of substantial influence, because he often serves as the senator's functional equivalent" and therefore is in a sensitive position. *Id.* It is true that in reaching that decision, we said: "[t]hat a position requires the exercise of some discretion alone does not mandate finding that the possessor of that discretion occupies a sensitive government position. When the discretion includes some final decision-making authority or involves substantial responsibility for funds, however, the position can qualify under the Guidelines." *Id.* (citations omitted). However, in *Snell*, decided three years after *Tomblin*, we expressly rejected McCowan's contention:

> [D]iscretion involving final decision-making authority over matters of public policy or over the expenditure of substantial sums of money . . . is not always required, and courts have readily found an . . . enhancement [under the predecessor to § 2C1.1(b)(3)] appropriate . . . based on the official's ability to use his position to influence another in the exercise of such discretion.

---

[3] McCowan relies on other cases that pre-date the 2004 amendments to § 2C1.1(b)(3), which changed the commentary to remove the modifier, "supervisory," from "law enforcement officers." Because those cases were decided before the relevant changes to the commentary, they are unpersuasive.

152 F.3d at 347.  We have previously characterized *Snell* as holding that "a sensitive position is one that has power to affect the integrity and workings of the judicial and law enforcement system." *Guzman*, 383 F. App'x at 494 (citing *Snell*, 152 F.3d at 348).  We agree that "[a] prison guard [who] has the authority and the ability to directly and significantly influence inmates' lives and the entire facility's safety with the decisions he or she makes," has "[s]uch power within the judicial system [that] makes the position of prison guard a sensitive position under the sentencing guidelines." *Id.* at 494-95.

Therefore, the decision of the district court is AFFIRMED.