# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2011

Lyle W. Cayce
Clerk

No. 09-50844
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SYLVIA CASTILLO CHAIREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-58-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sylvia Castillo Chairez appeals the sentence imposed following her guilty plea to accepting a bribe by a public official in violation of 18 U.S.C. § 201(b)(2)(C). Chairez challenges the district court's imposition of a four-level enhancement to her base offense level pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2C1.1(b)(3) on the ground that her offense involved a "public official in a high-level decision-making or sensitive position." She argues that the record evidence does not support a finding that as a correctional officer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at the Reeves County Detention Center, she occupied a "sensitive position" for purposes of the Guideline. We AFFIRM on that issue but REMAND in order that clerical errors in the written judgment can be corrected.

The question whether an official holds "a high-level decision-making or sensitive position, because it depends primarily upon interpretation of the sentencing guidelines, is a question of law that we review *de novo*." *United States v. Snell*, 152 F.3d 345, 346 (5th Cir. 1998). We examine for clear error "[f]actual questions, such as the discretion, supervisory authority, and other indicia of responsibility of [the] official." *Id.*

Chairez did not challenge at sentencing the district court's description of the role of a correctional officer and did not offer any rebuttal evidence to demonstrate that she did not perform the duties of a correctional officer as described by the district court. The district court was permitted to make reasonable inferences as to Chairez's duties and responsibilities from the fact that Chairez was a correctional officer at a facility that housed federal inmates. *See United States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir. 1990). The "district court's factual findings about [the officer's] duties and responsibilities are plausible in light of the record as a whole and are not clearly erroneous." *United States v. McCowan*, No. 09-50846, slip op. at 4 (5th Cir. Dec. 13, 2010) (unpublished) (per curiam); *see United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

We have held that "[a] prison guard has the authority and the ability to directly and significantly influence inmates' lives and the entire facility's safety with the decisions he or she makes. Such power within the judicial system makes the position of prison guard a sensitive position under the sentencing guidelines." *United States v. Guzman*, 383 F. App'x 493, 494-95 (5th Cir. 2010) (unpublished) (per curiam). The guidelines commentary provides that "[e]xamples of a public official who holds a sensitive position include a juror, a law enforcement officer, an election official, and any other similarly situated

individual." U.S. SENTENCING GUIDELINES MANUAL § 2C1.1 cmt. n.4(B). The district court did not err in applying a four-level enhancement to Chairez's base offense level on the ground that as a correctional officer, she was a public official in a sensitive position for purposes of § 2C1.1(b)(3). *See McCowan*, slip op. at 6; *Guzman*, 383 F. App'x at 494-95; *Snell*, 152 F.3d at 346.

The written judgment states that Chairez was convicted of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(C), but Chairez pleaded guilty to accepting a bribe by a public official in violation of § 201(b)(2)(C). The case is therefore remanded for the limited purpose of correcting the clerical errors in the judgment pursuant to FED. R. CRIM. P. 36. *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS IN JUDGMENT.