# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10411

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ENCARNACION HURTADO-CRUZ, also known as Pancho,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-194-2

Before WIENER, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Encarnacion Hurtado-Cruz appeals his sentence for conspiracy to possess with intent to distribute methamphetamine, arguing that the district court erred when it imposed two criminal history points based on its conclusion that he committed the offense while subject to supervised release. Having found no evidence in the record to support the district court's finding of fact in this regard, we vacate the sentence and remand for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10411

## I

The United States charged Hurtado-Cruz and Efrain Rangel Arias with conspiracy to possess with intent to distribute methamphetamine. The indictment alleged in Count I that "[b]eginning in or before September 2014, and continuing until in or around August 2017," Hurtado-Cruz, Arias and others agreed and conspired to engage in the drug trafficking offense. Hurtado-Cruz pleaded guilty to that Count without the benefit of a plea agreement. Hurtado-Cruz initially submitted a Factual Resume that included the following stipulated facts:

> Since at least early 2015, Efrain Rangel Arias has been receiving large amounts of methamphetamine from a Mexico-based source of supply.

> Encarnacion Hurtado-Cruz, Efrain Arias's cousin, also distributed methamphetamine for Arias at Arias's direction. . . . .

> In this manner, Efrain Rangel Arias and Encarnacion Hurtado-Cruz conspired with each other and others to possess with intent to distribute . . . Methamphetamine, a Schedule II controlled substance.

However, at re-arraignment, defense counsel consulted with the prosecutor, and they agreed to change "2015" to "2016." They crossed out "2015" and inserted in handwriting "2016." The district court then engaged in a colloquy with Hurtado-Cruz, confirming that this change had been made at the defendant's request and that "[w]ith that change, are the facts that are stated in the stipulated facts as you heard it read, are those true?" Hurtado-Cruz responded, "Yes, sir."

A probation officer submitted a Pre-Sentence Report (PSR) containing information obtained as a result of her independent investigation. The PSR, which refers to Arias as "Morfin-Arias," states, "[b]eginning in at least early 2016, Morfin-Arias received large amounts of methamphetamine from a source of supply based in Mexico. Hurtado-Cruz is Morfin-Arias's cousin, and

2

distributed methamphetamine to customers at the direction of Morfin-Arias." The PSR includes information about specific drug transactions involving Hurtado-Cruz and a confidential FBI source, all of which occurred after February 2017. The first transaction detailed in the PSR that involved Hurtado-Cruz, Arias, and methamphetamine occurred on April 27, 2017.

The probation officer determined that Hurtado-Cruz accrued nine criminal history points as a result of his previous criminal convictions. The probation officer added two more criminal history points pursuant to United States Sentencing Guideline § 4A1.1(d) because Hurtado-Cruz "committed the instant offense while under a criminal justice sentence of supervised release." Hurtado-Cruz's relevant term of supervised release began on February 18, 2015, and ended on February 18, 2017.

Hurtado-Cruz objected to the application of the two criminal history points under § 4A1.1(d) on the ground that neither the Factual Resume nor the PSR includes evidence supporting the conclusion that he entered into the conspiracy at issue prior to the expiration of his term of supervised release. A supplemental PSR was prepared, but it did not set forth facts reflecting that Hurtado-Cruz had become a member of the conspiracy prior to March 1, 2017, though the supplemental PSR continued to recommend that such a finding was warranted. The district court overruled Hurtado-Cruz's objection, adopted the PSR, and imposed a sentence of 365 months of imprisonment followed by a five-year term of supervised release. Hurtado-Cruz appeals.

## II

Under United States Sentencing Guideline § 4A1.1(d), two points are added to a defendant's criminal history score if the defendant committed any

No. 18-10411

part of the offense at issue while under supervised release.[1] The district court imposed two criminal history points under § 4A1.1(d) based on its factual finding that Hurtado-Cruz committed some part of the offense to which he pleaded guilty—conspiracy with Arias to possess with intent to distribute methamphetamine—prior to February 18, 2017, the date on which his supervised release ended.  Hurtado-Cruz contends that the district court's factual finding was clearly erroneous.

We review a district court's application of the Sentencing Guidelines de novo and the factual findings underpinning a district court's sentencing decision for clear error.[2]  "[I]n determining whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well."[3]  We must uphold the factual finding underpinning a sentencing enhancement if it is "plausible in light of the record as a whole"[4] and supported by "an adequate evidentiary basis."[5]

The district court's conclusion that Hurtado-Cruz participated in the conspiracy prior to February 17, 2018, was not supported by an adequate evidentiary basis.  The record certainly includes evidence that Arias began receiving methamphetamine in early 2016 and that Hurtado-Cruz distributed methamphetamine at Arias's direction after February 17, 2018.  However,

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(d), § 4A1.1(d) cmt. n.4 (U.S. SENTENCING COMM'N 2016).

[2] *United States v. Ingles*, 445 F.3d 830, 840 (5th Cir. 2006) (citing *United States v. Villegas*, 404 F.3d 355, 361-62 (5th Cir. 2005); *United States v. Villanueva*, 408 F.3d 193, 203 n.9 (5th Cir. 2005)).

[3] *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citing *United States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir. 1990)).

[4] *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998) (quoting *United States v. Sanders*, 942 F.2d 894, 897 (5th Cir. 1991)).

[5] *United States v. Garcia*, 111 F.3d 892, 892 (5th Cir. 1997) (per curiam) (unpublished) (citing *Rodriguez*, 897 F.2d at 1327-28).

4

No. 18-10411

there is no evidence that Hurtado-Cruz joined Arias's conspiracy prior to February 17, 2018—neither the Factual Resume nor the PSR include the date on which Hurtado-Cruz began participating in the conspiracy, and the acts in furtherance of the conspiracy detailed in the PSR all occurred after February 17, 2018. Accordingly, the district court's determination that Hurtado-Cruz joined the conspiracy while on supervised release was erroneous, as was its imposition of two criminal history points under § 4A1.1(d) without a sufficient factual basis.

\* \* \*

Hurtado-Cruz's sentence is VACATED, and his case is REMANDED to the district court for further proceedings.