# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 25-40057

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Gonzalez-Agundis,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:24-CR-1467-1

—————————————————————

Before Stewart, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Adrian Gonzalez-Agundis brandished a knife during an encounter with a law enforcement officer. This appeal concerns whether the district court erred in finding that Gonzalez-Agundis intended to harm the officer and sentencing him under the guideline for aggravated assault. Finding no clear error, we AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40057

## I.

Customs and Border Patrol (CBP) agents were investigating suspected unauthorized entries by people near the southern border. One of the individuals, Gonzalez-Agundis, fled towards the Rio Grande River, and a CBP agent pursued him. As the agent approached, Gonzalez-Agundis stopped, pulled out a knife, and—with the knife in his hand—turned towards the agent in a threatening manner. The agent told him to drop the knife several times, but he refused. The agent tased Gonzalez-Agundis, making him drop to the ground. The agent tried to gain control of Gonzalez-Agundis, but he resisted and, after being tased a second time, continued resisting. As the struggle continued, the agent drive-stunned Gonzalez-Agundis and was then able to restrain him.

Gonzalez-Agundis pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b), and assaulting, resisting, or impeding officers engaged in official duties with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).

The presentence investigation report (PSR) calculated a guidelines range of 57 to 71 months' imprisonment. Relevant here, the probation officer calculated the § 111 offense level by looking to U.S.S.G. § 2A2.4 and determining that the cross-reference to U.S.S.G. § 2A2.2 should apply because the charged conduct constituted aggravated assault. Gonzalez-Agundis objected to the PSR, arguing that no facts supported finding that he intended to cause bodily injury with the knife. The district court overruled his objection, finding that the totality of the circumstances indicated that Gonzalez-Agundis intended to cause bodily harm.

The district court varied downwards and sentenced Gonzalez-Agundis to 42 months' imprisonment and two years' supervised release. Gonzalez-Agundis timely appealed his sentence.

2

No. 25-40057

II.

Gonzalez-Agundis argues that the record does not support a finding that he intended to harm the officer, and therefore the district court erred in applying the guideline for aggravated assault.

The district court's interpretation and application of the sentencing guidelines are reviewed de novo and its factual findings for clear error. *United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022). A factual finding is clearly erroneous if it is implausible in light of the record as a whole. *Id.* We set aside the district court's factual finding that Gonzalez-Agundis intended to cause bodily injury only if it is *implausible*.

Sentencing guideline section 2A2.4 applies to individuals such as Gonzalez-Agundis who violate 18 U.S.C. § 111. U.S.S.G. § 2A2.4 (applying to offenses for "obstructing or impeding officers"). Section 2A2.4 includes a cross-reference that instructs the district court to apply section 2A2.2 if the conduct constituted aggravated assault. U.S.S.G. § 2A2.4(c)(1). Aggravated assault means "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1. Relevant here is whether Gonzalez-Agundis intended to injure the agent, not merely frighten him.[1]

---

[1] Gonzalez-Agundis argues that because he was charged under an "intimidation theory," the aggravated-assault guideline should not apply to him. However, "in determining the applicability under § 2A2.4(c)(1) of § 2A2.2, the district court is not limited to considering the conduct of the offense of conviction, but also may consider the defendant's underlying conduct or the relevant conduct." *United States v. Wilson*, 858 F. App'x 747, 749 (5th Cir. 2021) (citation modified). Therefore, the district court was not limited to finding an intent to frighten or threaten just because Gonzalez-Agundis was charged with intimidating a law enforcement officer. *See* 18 U.S.C. § 111(a)(1) (making it a

No. 25-40057

The intent to use a deadly weapon to cause bodily injury is "judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude." *United States v. Perez*, 897 F.2d 751, 753 (5th Cir. 1990) (quoting *Shaffer v. United States*, 308 F.2d 654, 655 (5th Cir. 1962)). Here, Gonzalez-Agundis fled from the agent, deliberately stopped, turned to face him, and brandished a knife in a threatening manner. He refused multiple commands to drop the knife. And even after being tased multiple times, he resisted arrest and created a struggle with the agent. From these facts, the district court inferred that Gonzalez-Agundis intended to harm the agent. A district court may draw reasonable inferences from the facts. *United States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir. 1990). These inferences are findings of fact that are reviewed for clear error—that is, plausibility. *Id.* It was at least *plausible* that Gonzalez-Agundis intended to injure the agent because he stopped mid-flight, turned toward the agent, brandished the knife in a threatening manner, refused to drop it, and struggled with the officer to resist arrest.

To be sure, the record leaves something to be desired. Absent here are certain facts that could bolster an inference that Gonzalez-Agundis intended bodily harm—the angle he held the knife, his movement towards or away from the agent, his distance from the agent, any statements he made, and if he sought to disarm the agent during the struggle. *See United States v. Rodriguez-Sauceda*, No. 23-50823, 2024 WL 5182625, at *1 (5th Cir. Dec. 20, 2024) (describing conduct that plausibly constituted aggravated assault). But this record nonetheless plausibly supports the district court's finding of intent to cause bodily harm. Therefore, the district court did not clearly err in finding that Gonzalez-Agundis intended to harm the agent and applying

---

crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" an officer performing an official duty).

No. 25-40057

the aggravated-assault guideline. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (a finding of fact is clearly erroneous only when the evidence leaves us "with the definite and firm conviction that a mistake has been committed" (internal quotation marks and citation omitted)).

\*      \*      \*

Gonzalez-Agundis's sentence is AFFIRMED.[2]

---

[2] We therefore do not address the Government's proffered alternative bases for affirming.